## COMMONWEALTH *vs.* MARY MCCANN.

On the trial of an indictment for burning a barn, there being, besides confessions of the defendant, evidence that the barn was burned, and that she was hostile to the occupant of it and had used threatening language to and about him within a few hours before the fire, no exception lies to the refusal of the presiding judge to instruct the jury whether her confessions uncorroborated would warrant a conviction.

On a trial, the admission by a party that a certain person, if present as a witness, would testify in a certain manner, does not concede the truth of such testimony.

On the trial of an indictment for burning a barn in a town where about the same time there were many fires, and the authorities had offered rewards for the detection of incendiaries, no exception lies to the refusal of the presiding judge to instruct the jury what effect in the case at bar they should allow to a supposition, of the truth of which there is no evidence, that the instance of burning in question was one of a series of similar fires set by other persons than the defendant.

INDICTMENT for burning a barn in Brighton, occupied by David P. Merrill. Trial, in the superior court, before *Ames*, C. J., who signed the following bill of exceptions:

" At the trial, the burning of the barn was proved to have taken place in the night-time in October 1866; and evidence was offered tending to prove animosity towards Merrill on the part of the defendant, and the use of threatening language to and about him in the afternoon of the day of the fire. The principal evidence against the defendant consisted of proof of confessions made by her, in relation to which the testimony was as follows:

" Thomas H. Brewer testified that, when she was put into the lock-up after her arrest, he asked her, ' Do you want to see anybody ?' and she answered ' Yes. I want to see my husband and Edmund Rice;' that he said, ' It is of no use to see Mr. Rice; he put me on your track;' and she said, ' I set fire to the barn • but he will get me out of this; he can find me any time; he knows that I shall not run away.' And the witness further testified that the next day she said, ' I have seen my husband, and he tells me to keep my mouth shut.'

" James M. Hilton testified that he took part in her arrest, and, while on their way to the lock-up in Cambridge, he said to her, ' Bad business this, about burning Rice's barn, (meaning the barn occupied by Merrill.) Has not he always been a friend to

you ?' and she answered. 'I did burn the barn;' that again, while on the way, she said, 'I did burn the barn,' and made some complaints that Merrill tried to run over her little girl; also, that he owed her seventy-five cents and would not pay her.

" It appeared that there had been many fires at Brighton; that the town authorities had, before the defendant's arrest, offered large rewards for the detection and conviction of incendiaries; and that the two witnesses above-named were active and had agreed to be partners in earning and obtaining rewards under such offer.

" The judge ruled that evidence of the alleged confessions was admissible and competent.

" The defendant having requested a postponement of the trial, on account of the absence of a witness who had been summoned on her behalf, the district attorney admitted that the absent witness, if present, would testify in the manner and to the effect stated and assumed by her counsel; and the judge thereupon ordered that the trial proceed. The defendant contended that, under the circumstances, the district attorney must be considered as having admitted the truth of the facts which such witness, if present, would have stated; but the judge ruled otherwise.

" The defendant prayed that the following instructions might be given to the jury: 1. Extra-judicial confessions made or alleged to have been made, by the defendant, are not of themselves and alone sufficient to justify a conviction. 2. The fact that the alleged felonious burning was one of a series of several similar fires, occurring about the same time before and afterwards, and supposed to have been set by an alleged band of incendiaries made up of persons other than the defendant, is (presuming the actual existence of such an unlawful organization, and their complicity in such other fires,) evidence tending in favor of an acquittal of this defendant.

" The judge did not instruct the jury in these words, but did instruct them that a free and voluntary confession by a defendant is competent evidence, carrying with it some probability of its truth; that it is a kind of evidence peculiarly liable to mis-

take, and is to be received with caution, and scrutinized with care ; but that if, on the whole evidence, including that of the alleged confessions, they were convinced beyond reasonable doubt of the defendant's guilt, their verdict should be that she was guilty. The jury found her guilty, and she alleged exceptions."

*J. E. Bates,* for the defendant, submitted the case without argument.

*C. Allen,* Attorney General, for the Commonwealth.

FOSTER, J. 1. We find no evidence of any inducement to make the confession introduced in evidence, held out by the persons to whom it was made or any one else.

2. The fact that the barn had been burned was proved by other evidence. There was evidence of the hostility of the defendant towards the occupant of the property destroyed, and of her threats against him within a few hours before the fire. This was not therefore a case requiring the judge to instruct the jury whether uncorroborated confessions will warrant a conviction. *Commonwealth* v. *Tarr,* 4 Allen, 315.

3. The admission of the district attorney that an absent witness, if present, would testify in a particular manner, plainly did not admit the truth of the testimony he would have given.

4. The refusal to give the instructions asked for on the subject of other fires in the same town was correct. It by no means appeared that this burning was one of a series of similar fires kindled by other persons than the defendant. This request assumed a state of facts wholly unsupported by the evidence.

*Exceptions overruled.*