COMMONWEALTH *vs.* ARCHIBALD HOLT.

Bristol.   October 24, 1876.   DEVENS & LORD, JJ., absent.

The thirteenth article of the Declaration of Rights, as to the verification of facts in the vicinity where they happen, does not prevent the proof by competent evidence of facts occurring abroad which are material to sustain a prosecution for a crime committed in this Commonwealth.

Upon an indictment for adultery, the fact that the defendant was married may, under the Gen. Sts. *c.* 106, § 22, be proved by his admissions or by general repute.

Upon an indictment for adultery, the statement of the defendant, made after his arrest, that he had a wife in another country, and his inquiry as to the effect of getting a divorce from her, are sufficient evidence against him that his wife was alive at the time of the adulterous act.

That a man speaks of a woman, living with him in his house, as his wife, is sufficient evidence, in an indictment for adultery with her, of the fact of their cohabitation as man and wife.

It is no objection to the competency as evidence of the admissions of a person under arrest upon a criminal charge, that they were in reply to questions of the officer who arrested him, if it does not appear that the officer used threats or inducements to elicit them.

INDICTMENT for adultery with Jane E. Lee, at Fall River, on January 1, 1875.

At the trial in the Superior Court, before *Brigham,* C. J., Ellen Bolton, who had been in this country about four years, testified that four years before she knew a woman in England who was called the wife of the defendant, and they had two children there; whether she was married to the defendant or not she did not know, and was not acquainted with her before she was married, if she was married, nor whether she was living or not on January 1, 1875.

Edward Herbert testified that he knew nothing about the wife in England, except what people said; that he had seen a woman in Fall River, and a child, who were called the wife and child of the defendant, but he did not know whether they were or not.

Joseph G. Braley, a state detective and a deputy sheriff, testified that some time in January, 1876, he had a civil precept to arrest the defendant for debt, and that when he arrested him, he spoke of sending for his wife upstairs, and that a woman came down stairs and afterwards spoke about her husband, or getting bail for her husband; that the name of this woman in Fall River

was Jane E. Lee ; that afterwards, when he arrested the defend ant on the complaint for adultery, in April or May, the defend- ant said Herbert was the man who had caused his arrest, that Herbert was a smart little fellow, and that he would get even with him ; that Herbert had caught him now, but that it would not take more than two or three years in jail to get out of it.

The witness further testified as follows : " After I got him to the court house, I asked him if he had a wife in England, and he said he had, that he left a wife and two children there, one of which was born after he left; he did not say when he left them, nor whether they were living now or not ; he also said he had a wife and child here, but did not say when he married her, nor how long he had been married. He asked me then if it would help the matter if he got a divorce now from the woman in Eng- land." The defendant objected to the testimony of Braley rel- ative to the declarations while under arrest, in answer to the questions of the officer ; but the judge ruled that they were ad- missible.

The defendant offered no testimony ; and asked the judge to rule that there was no evidence that the alleged wife of the de- fendant was living at the time of the alleged adultery, January 1, 1875 ; and that there was no evidence that adultery had been committed with Jane E. Lee on January 1, 1875, or that she was then his reputed wife.

The judge declined so to rule, but did rule that there was evi- dence from which the jury might infer that the said alleged wife was living in England at the time of the alleged adultery, and that general repute of such marriage was competent evidence upon which the jury might find the defendant guilty, if they believed the testimony.

The jury returned a verdict of guilty ; and the defendant al- leged exceptions.

*L. Lapham*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth, was not called upon.

BY THE COURT. The positions of the defendant's counsel are untenable. The thirteenth article of the Declaration of Rights, as to the verification of facts in the vicinity where they happen, does not prevent the proof, by competent evidence, of facts

occurring abroad, which are material to sustain a prosecution here for a crime committed here. The marriage of the defendant might be proved by his admission of the fact, or by general repute. Gen. Sts. *c.* 106, § 22. His statement that he had a wife in England, and his inquiry as to the effect of getting a divorce from her, were sufficient evidence against him that she was still alive. His speaking of another woman, living in his house, as his wife, was sufficient evidence that he was cohabiting with her as such. It does not appear that the officer held out any such threats or inducements as to make the defendant's admissions incompetent evidence.        *Exceptions overruled.*