COMMONWEALTH *vs.* TIMOTHY L. MORRISSEY.

Berkshire.     January 8, 1900. — February 27, 1900.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Indictment for Adultery — Evidence.*

It is an answer, in a criminal case, to the question whether it is competent to convict upon an uncorroborated confession, that question being an abstract one, not raised upon the evidence and on which the court was not required to express an opinion, that the undisputed facts were sufficient corroboration.

INDICTMENT, for adultery.     At the trial in the Superior Court, before *Stevens, J.*, the jury returned a verdict of guilty; and the defendant alleged exceptions, which appear in the opinion.

*P. J. Moore*, for the defendant.

*C. L. Gardner*, District Attorney, for the Commonwealth.

HAMMOND, J.     The defendant was indicted for adultery with Bridget Lee.     At the trial it appeared that at the trial of a complaint for bastardy made by the said Bridget Lee, who was a single woman and had been delivered of an illegitimate child, against one Curry charged with being the father of the child, in which the issue was whether Curry was the father of the child, this present defendant, being duly sworn as a witness, testified that on three several occasions, one being the day named in the indictment, at Hinsdale in the County of Berkshire, he had carnal knowledge of the body of the said Lee, and that he was on all such occasions a married man.

It is to be assumed that this evidence was there introduced to show that by reason of such sexual intercourse there might be a doubt as to whether the defendant in that suit was the father of the child, since that was the ground upon which such evidence was admissible; and this testimony could throw doubt upon that issue only upon the theory that the conception of the child might have occurred as the result of such intercourse.

Since the woman was delivered of a child, the natural inference is that she had had sexual intercourse with a man; and as

she had never been married, there was evidence that a crime had been committed, fornication or adultery, according as the man was single or married at the time. The evidence lacking was simply as to the identity of the man, and that evidence was furnished by the confession of the defendant. Under these circumstances, the question whether it was competent to convict upon an uncorroborated confession was an abstract one, not raised upon the evidence, and on which the court was not required to express an opinion. The undisputed facts were sufficient corroboration, if any was needed. *Commonwealth* v. *Tarr,* 4 Allen, 315. *Commonwealth* v. *McCann,* 97 Mass. 580.

*Exceptions overruled.*