## COMMONWEALTH *vs.* MATTHEW F. KILLION.

Suffolk.   January 14, 1907. — February 26, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Evidence,* Admissions and confessions, Corroboration.   *Practice, Criminal.   Bribery.*

*Semble,* that in this Commonwealth a person may be convicted of a crime upon his
extra-judicial confession freely and voluntarily made, without corroborative evi-
dence, and that such a case should be submitted to the jury for them to deter-
mine from all the circumstances, including the nature of the offence, how much
if any weight shall be given to the confession.

In the trial of an indictment for having accepted a bribe from a certain person while
serving on a jury in a will case, the evidence principally relied on by the Com-
monwealth was of confessions made by the defendant, the fair import of which
could have been found to be that a bribe was given to the defendant for the pur-
pose of inducing him to vote for rendering a verdict against the validity of the
will.   There was independent evidence tending to show that the defendant was
a juror in the will case, that the person from whom the defendant confessed that
he received the bribe had been employed in the case on behalf of the contestants
to look up witnesses and jurors and to assist otherwise in the preparation of the
case, and that the verdict was in favor of the contestants so that the defendant
must have voted as he confessed to having been bribed to vote.   *Held,* that
there was corroborative evidence in support of the confessions of the defendant,
which, although in itself wholly insufficient to support a conviction, tended to
confirm the truth of what the defendant had said.

MORTON, J.   The defendant was indicted for having ac-
cepted a bribe of $300 from one William J. Hartnett, while
serving as a juror at the trial of the Crocker will case in the
Supreme Judicial Court in April, 1904.   There was a verdict
of guilty.   The evidence principally relied on by the Common-
wealth was that of confessions of the defendant.   The defendant
contended that he could not be convicted on his extra-judicial
confessions unless there was evidence *aliunde* of the alleged
crime ; and he further contended that the Commonwealth had
offered no such corroborative evidence, and asked the judge to
direct a verdict for him and to instruct the jury in accordance
with his contention.   The judge declined to make the ruling
and give the instructions requested and the defendant excepted.
The case was submitted to the jury under instructions not other-
wise objected to.

The question whether extra-judicial confessions uncorrobo-

rated by other evidence of the alleged crime will warrant a conviction does not seem to have been expressly decided in this State. In the three cases relied on by the Commonwealth, *Commonwealth* v. *Tarr*, 4 Allen, 315, *Commonwealth* v. *McCann*, 97 Mass. 580, and *Commonwealth* v. *Morrissey*, 175 Mass. 264, there was corroborative evidence, and the court did not find it necessary to decide whether a conviction could be had upon an uncorroborated confession. In *Commonwealth* v. *Howe*, 9 Gray, 110, and *Commonwealth* v. *Smith*, 119 Mass. 305, also referred to in the brief of the Commonwealth, there was independent evidence, and in *Commonwealth* v. *Bond*, 170 Mass. 41, the point whether a conviction could be had upon an uncorroborated confession was not raised. In *Commonwealth* v. *Sanborn*, 116 Mass. 61, the judge refused to instruct the jury as requested that no substantial reliance could be placed upon the verbal admissions of the defendant uncorroborated, but instructed them that whether substantial reliance could be placed upon such testimony depended upon the circumstances of each case, and that it was for them to say how far they could rely upon it. It was held that these instructions were correct and sufficient. This case would seem to go far towards settling the question in this Commonwealth. In England it has been said that such testimony warrants a conviction (3 Russ. Crimes, (9th Am. ed.) 366, 2 Hawk. P. C. c. 46, § 37, and see *United States* v. *Williams*, 1 Cliff. 5, 25), though doubts have been expressed whether the cases relied on justify such a conclusion. 3 Wigmore, Ev. §§ 2070 *et seq.* 6 Am. & Eng. Encyc. of Law, (2d ed.) 582. 1 Greenl. Ev. § 217. In *Rex* v. *Tuffs*, 5 C. & P. 167, where the defendant was indicted for stealing two heifers and the only evidence was his statement that he had driven away two heifers from his uncle's premises, " the World's End Dolver," (Dolver meaning a fen,) and the heifers were not missed, Lord Lyndhurst told the jury that there was no evidence of a stealing of the heifers, though if it had been proved that the farm was the only " World's End Dolver " it would have been sufficient, showing, if corroborative evidence is needed, how slight it may be. In this country the great weight of authority is against the sufficiency of an uncorroborated extra-judicial confession to warrant a conviction. See 3 Wigmore, Ev. § 2070, and 6 Am. & Eng. Encyc. of Law,

(2d ed.) 582, for a collection of cases. In some of the States there is a statute providing that a confession shall not be sufficient to warrant a conviction without additional proof that the crime charged has been committed. *People* v. *Jaehne*, 103 N. Y. 182, 199. 6 Am. & Eng. Encyc. of Law, (2d ed.) 582, n. 1. But independently of statutory provisions the great weight of authority is, as has been said, against the sufficiency of a confession uncorroborated by other proof of the crime to warrant a conviction. The grounds on which the rule rests are the hasty and unguarded character which confessions often have, the temptation which, for one reason or another, a party may have to say that which he thinks it most for his interest to say, whether true or false, the liability which there is to misconstrue or report inaccurately what has been said, the danger of a conviction when no crime may have been committed, the difficulty of disproving what may be said and the feeling expressed by Mr. Greenleaf, (1 Greenl. Ev. § 217,) that the rule " best accords with the humanity of the criminal code, and with the great degree of caution applied in receiving and weighing the evidence of confessions in other cases." But confessions and admissions when freely and voluntarily made have ever been regarded as amongst the most effectual proofs that can be furnished. There is no greater liability to misconstrue or misreport what has been said in a case where a person is accused of a crime, than in many other cases where one person undertakes and is allowed to repeat what another has said. And so far as the danger of conviction for a crime that may not have been committed is concerned, it is to be observed that innocent persons do not confess to crimes which they have not committed, and no one knows so well as the guilty party whether he has committed the crime of which he is accused. It is no doubt true that persons may be induced by fear or the hope of favor or other motives to make confessions which they otherwise would not have made. But confessions so obtained are rigorously excluded. In order for an extra-judicial confession to be admissible against the party making it, it must have been freely and voluntarily made. When so made it should stand like any other declaration made by a party to the cause, leaving the jury to judge from all the circumstances including the nature of the offence how much if

any weight shall be given to it. In the somewhat analogous case of the admission of the evidence of accomplices no corroboration is required as matter of law (*Commonwealth* v. *Bishop,* 165 Mass. 148) in order to warrant the jury in convicting upon it, though such testimony is liable to be as untrustworthy, to say the least, as evidence of an alleged confession.

Whether the corroborative evidence should relate to the *corpus delicti* itself, or is sufficient, as in the case of the testimony of an accomplice, if confirmatory of some fact in the alleged confession material to the issue (*Commonwealth* v. *Bosworth,* 22 Pick. 397), we think that in the present case the alleged confessions were not wholly uncorroborated. The fair import of the confessions was, or could have been found to be, that the bribe was given for the purpose of having the defendant render a verdict against the validity of the will ; and there was independent evidence tending to show that the defendant was a juror in the case, that Hartnett had been employed on behalf of the contestants to look up witnesses and jurors and to assist otherwise in the preparation of the case, that the verdict was against the will and in favor of the contestants, and that the defendant must therefore have voted as he confessed to having been bribed to vote. This testimony tended to confirm the truth of what the defendant had said though wholly insufficient of itself to warrant a conviction.

The instructions were, as the court said of those in *Commonwealth* v. *Sanborn, ubi supra,* " correct and sufficient," and the result is that the exceptions must be overruled.

*So ordered.*

*W. H. Dietzman,* (*W. C. Maguire* with him,) for the defendant.

*M. J. Dwyer,* Assistant District Attorney, for the Commonwealth, submitted a brief.