## Commonwealth *v.* Dolph, Appellant.

416

Argued March 7, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent).

*J. Melvin Kelly,* for appellant.

*Robert G. Dean,* District Attorney, for appellee.

OPINION BY RHODES, P. J., April 12, 1949:

Defendant, a married man, has appealed from a sentence on conviction of adultery. He did not deny

that he had adulterous relations with one Marjorie Tiffany, a single woman; and he testified on the trial that he had sexual intercourse with her in the State of New York, but he asserted that he did not have sexual intercourse with her in the Commonwealth of Pennsylvania.

Defendant on this appeal contends (1) that the corpus delicti was not sufficiently shown to make admissible in evidence certain statements and confessions wherein defendant admitted that he committed the crime charged, and that the intercourse took place in Susquehanna County, Pennsylvania; and (2) that it was necessary for the Commonwealth to establish by evidence independent of his confession that the crime was committed within the jurisdiction.

The indictment charged defendant with adultery with one Marjorie Tiffany allegedly committed in Susquehanna County on August 30, 1944.

The facts established by the evidence produced by the Commonwealth may be summarized as follows: During 1942 and 1943 Marjorie Tiffany was employed in the household of defendant and his wife at Kingsley, Susquehanna County, Pennsylvania. During this period the girl attended high school, and, although employed by defendant, she lived at home with her parents. The rear of the Tiffany property joined the rear of defendant's property. Marjorie Tiffany left the employ of the defendant in June, 1943, after defendant came to her father and confessed that he was in love with Marjorie and that he had been out with her several times. After being warned to stay away, defendant agreed with the father not to see his daughter thereafter. Compliance with this promise was of short duration. In July, 1943, the Tiffany girl obtained employment in Binghamton, New York. She returned to her home at Kingsley, Susquehanna County, for the last two weeks of July, 1944, and she was at home at intervals in August and Sep-

tember of that year. While at home on these visits she would go out each night about nine o'clock, for about an hour, without advising her parents where she was going. During September, 1944, she was seen in conversation with defendant, and at various other times she and defendant were seen conversing in the vicinity where defendant was working outside of Kingsley. The girl's father remonstrated with defendant about his continued conduct, and in October, 1944, he followed defendant from Kingsley, and saw him enter his daughter's apartment in Binghamton. Shortly thereafter she informed her parents that she had moved from her Binghamton address; they were not told of her future intentions. Defendant, on September 9, 1945, wrote a letter to Marjorie Tiffany which was received in evidence at the trial. This was couched in endearing terms, disclosed his continued infatuation for the girl, and expressed the hope that they could soon be married. In November, 1944, defendant joined four others on a hunting trip to Potter County. While hunting, defendant separated himself from the others on some pretext and disappeared. Defendant and Marjorie Tiffany were subsequently discovered living together in Erie, Pennsylvania. It was shown that a child was born to Marjorie Tiffany in Erie on May 31, 1945, and the birth certificate named defendant as the father.

The Commonwealth, through the testimony of a former district attorney of Susquehanna County, and other witnesses, introduced confessions wherein defendant, upon being brought to Susquehanna County from Erie, had admitted to intercourse on several occasions in August or September, 1944, with Marjorie Tiffany in his automobile near Kingsley, Susquehanna County. In these confessions defendant admitted that he was the father of Marjorie Tiffany's child; that by virtue of a prearranged plan he left the hunting party in Potter

County and met Marjorie Tiffany in Wellsboro; and that they went to Erie where he lived with her.

Defendant, taking the stand in his own behalf, admitted intercourse with Marjorie Tiffany, and the paternity of the child born to her in Erie on May 31, 1945. Defendant denied, however, that he ever had intercourse with Marjorie Tiffany in Pennsylvania, asserting that all such conduct took place in Chenango State Park, New York.

Much of the argument on behalf of appellant is irrelevant, being to the effect that it was incumbent upon the Commonwealth to establish all the elements of the charge independently of the confession. The Commonwealth had no such burden. *Com. v. Chuing,* 150 Pa. Superior Ct. 445, 452, 28 A. 2d 710. Although the additional testimony showed circumstances tending to establish the guilt of defendant, it is not necessary that such evidence alone show guilt of the accused beyond a reasonable doubt. Underhill, Criminal Evidence, 4th Ed., § 281, p. 562. In any event, there was ample proof of the corpus delicti to warrant the introduction of defendant's confession. The corpus delicti in any case is sufficiently established in this Commonwealth by showing (1) a specific injury or loss, and (2) somebody's criminality, as the source of the injury or loss. *Com. v. Turza,* 340 Pa. 128, 134, 16 A. 2d 401; *Com. v. Ferguson,* 162 Pa. Superior Ct. 199, 201, 56 A. 2d 360.

Assuming, in the present case, that the confession of defendant was not evidence in the absence of proof of the corpus delicti, the evidence of the corpus delicti was sufficient for the jury to find beyond a reasonable doubt that the crime had been committed. Consequently they were at liberty to give defendant's confession such weight as it was entitled to under the attendant circumstances. *Com. v. Puglise,* 276 Pa. 235, 238, 120 A. 401. Of course the corpus delicti may be established by circumstantial evidence (*Com. v. Felgoise,* 129 Pa. Superior

Ct. 74, 76, 194 A. 751), and all that the law requires is that it shall be proved as any other fact, that is, beyond a reasonable doubt; and that doubt is for the jury. *Com. v. Turza,* supra, 340 Pa. 128, 135, 16 A. 2d 401. It has been stated frequently by our appellate courts that the fact of the commission of a crime by someone must be shown before a confession will be received is a rule of caution to avoid the injustice of a conviction where no crime exists. *Com. v. Kauffman,* 94 Pa. Superior Ct. 419, 427; *Com. v. Gardner,* 282 Pa. 458, 463, 128 A. 87. The corpus delicti in criminal adultery would necessarily consist in the alleged prohibited intercourse between the man and the woman. 7 R. C. L. p. 774; 68 L. R. A. 44.

The birth of a child to an unwed mother shows that prohibited intercourse took place. It has been held that this fact in itself is proof of corpus delicti in an adultery prosecution. *Com. v. Morrissey,* 175 Mass. 264, 56 N. E. 285; Annotation 40 A. L. R. 460-473. In addition, the Commonwealth's evidence in the present case disclosed an extreme intimacy between defendant and the unmarried girl; it indicated meetings between them under circumstances where opportunity existed for the commission of the prohibited offense.

There is no authority for enlarging the requirements of the corpus delicti to include jurisdictional elements. *Com. v. Marshall,* 287 Pa. 512, 519, 520, 135 A. 301. But, in the present case, as in the *Marshall* case, supra, there was substantial evidence tending to establish jurisdiction, or the locus of the crime charged, in addition to defendant's confession. The Commonwealth's evidence established an adulterous disposition between defendant and Marjorie Tiffany, and it showed the presence of the parties in Susquehanna County under conditions furnishing ample opportunity to commit the offense in that county as charged in the indictment. We think that jurisdiction was sufficiently established on all the evidence; and that all proof of the locus of the crime is not

contained in defendant's confession. *Com. v. Marshall*, supra, 287 Pa. 512, 519, 135 A. 301.

Judgment is affirmed, and the record is remitted to the court below, and it is ordered that defendant appear in the court below at such time as he may there be called, and that he be by that court committed until he has complied with the sentence, or any part thereof, which had not been performed at the time the appeal in this case was made a supersedeas.