## Commonwealth *v.* Hornberger, Appellant.

Argued June 14, 1962.  Before RHODES, P. J., ER-
VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and
FLOOD, JJ.

*David H. Kubert,* for appellant.

*Arlen Specter,* Assistant District Attorney, with him *Frank E. Gilbert,* Assistant District Attorney, *Paul M. Chalfin,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY FLOOD, J., September 13, 1962:

The appellant, who was convicted of rape and sodomy, contends that he was improperly convicted of rape because there was no outcry, struggle, fresh complaint or prompt prosecution and because the evidence was insufficient to sustain the conviction and indicates consent. He also argues that the charge of the court below was fundamentally erroneous as to resistance and improperly stated the court's belief that an offence had taken place. He contends that his sodomy conviction was improper because there was no evidence of penetration independent of his confession, that the confession was improperly submitted to the jury without evidence as to its meaning, that it was inadmissible without prior proof of the corpus delicti, and that the charge was inadequate with respect to proof of the corpus delicti by circumstantial evidence.

1. Outcry, struggle, fresh complaint and prompt prosecution need not be proved to sustain a conviction of rape. Whether their absence indicates consent depends upon the circumstances. These matters were pointed out to the jury and were adequately covered in the charge.

The evidence as to rape, if believed, was sufficient to convict. The prosecutrix testified that she asked Paul Cummings, whom she knew, to drive her home, that the appellant, Hornberger, and four other boys got into the car with them, that they drove to a vacant, unlighted lot and that Hornberger and others forced

her to submit to sexual intercourse against her will. She testified that she pleaded with Hornberger not to do anything to her, that he threatened to hit her if she did not keep quiet and that she tried to push him away but he was too strong for her.

In support of the argument that the evidence indicates consent and is not sufficient to convict, the appellant points out that the prosecutrix did not deny that she and the defendant were kissing and fondling on the way to the lot, she never asked where she was being taken, she testified that Hornberger helped her to remove her clothes, her clothes were not torn, she did not know how her legs got open, she did not attempt to rebut testimony that she taunted two of the other boys because they could not get erections, she was driven to her home after the alleged attack, she did not complain when the group stopped at a gas station on the way home, she did not tell her husband (from whom she was separated) about the incident when she saw him the next night, and she did not tell anyone about it for four days. However, this evidence does not stand alone. Some of the matters were explained by the prosecutrix and some were denied by her. She testified that the defendant threatened to hit her if she did not keep quiet. The evidence as a whole was conflicting on the matter of consent, and its weight was for the jury.

As to resistance, the appellant complains of the following statement in the charge: "It is expected that resistance will be made, unless the mind of the prosecutrix is so overcome by fear that she is incapable of resistance, or unless there is such an exhibition of force on the part of the defendants as to make resistance useless or impossible." He argues that this is error because most intercourse is consensual and no resistance is made. But the court went on to say: "If, however, you find from the evidence that there was

any element of consent or passive submission on the part of the prosecutrix to sexual intercourse with the defendants, and that intercourse was accomplished without fear or violence by the defendants upon the prosecutrix and without intimidating her, these defendants should be acquitted of the crime of rape." The court also charged, as to outcry: "Ordinarily a woman *who is about to be ravished* is expected to make an outcry . . ." In view of these latter statements and the charge as a whole, we find no fundamental or prejudicial error as to resistance.

The statement in the charge that there is no dispute that the offence took place, must be read in connection with the balance of the charge. The defendant admitted on the stand that he had committed fornication with the prosecutrix, and the court twice charged that, if she consented, the crime would be fornication, not rape. The charge as a whole makes it clear that the judge referred to the offence of fornication in the passage complained of and that the jury could not reasonably have been led to believe from his remarks that the commission of the crimes of rape and sodomy were undisputed.

2. The testimony of the prosecutrix that the appellant put his mouth on her vagina was sufficiently descriptive to establish the element of penetration. Furthermore, even if we were to assume that her testimony was not sufficiently definite on this point, it was sufficient evidence of the corpus delicti to allow the jury to consider the evidence of penetration contained in the defendant's confession as testified to by the detective. See *Commonwealth v. Donahue*, 136 Pa. Superior Ct. 306, 7 A. 2d 13 (1939); *Commonwealth v. Bowes*, 166 Pa. Superior Ct. 625, 74 A. 2d 795 (1950). There is no requirement in a case such as this that the Commonwealth establish all the elements of the charge independently of the confession or that evidence exclusive

of the confession must show guilt of the accused beyond a reasonable doubt. *Commonwealth v. Dolph,* 164 Pa. Superior Ct. 415, 65 A. 2d 253 (1949). In cases such as this the authorities go no further than to hold that there can be no conviction upon the basis of a confession unless it is substantially corroborated by the circumstances or by other testimony. Cf. Wigmore on Evidence (Third Edition), §2071 et seq; *Commonwealth v. Adams,* 174 Pa. Superior Ct. 504, 102 A. 2d 202 (1954); *Commonwealth v. Banks,* 98 Pa. Superior Ct. 432, 438-439 (1930); *Commonwealth v. Dolph,* supra.

The complaint that the language of the confession was such as needed explanation before being submitted to the jury is without merit. The language was vulgar, not technical, and was for the jury to interpret without expert assistance.

The evidence as to the corpus delicti on the sodomy charge, as on the rape charge, was direct, not circumstantial. In the absence of exception or request for amplification, there was no prejudicial error in the failure to charge more fully on the subject of circumstantial evidence.

Judgments affirmed.

———

DISSENTING OPINION BY MONTGOMERY, J.:

The facts recited in the majority opinion together with the additional facts not recited, viz., that the victim of the alleged rape was a married woman separated from her husband, older than defendant or any of his companions, who had spent the evening visiting taverns with four men whose names she did not remember before meeting the defendant, leads me to the conclusion that the evidence is overwhelming in establishing a consensual relationship between her and the defendant, for which reason the judgment should be arrested.

The principles applicable to prosecution for rape are set forth in *Commonwealth v. Berklowitz*, 133 Pa. Superior Ct. 190, 2 A. 2d 516. The requirements of those rules have not been met in the present case, in my opinion.

I dissent and would arrest the judgment on the charge of rape.

WRIGHT, J., joins in this dissent.