## Hurley Name Case

*Hummel & Pursel,* for petitioner.

KREISHER, P. J., November 17, 1965.—This matter is before the court after hearing on a petition for a change of name under the Act of April 18, 1923, P. L.

75, 54 PS §1, which provides, inter alia, that the name of any person may be changed upon compliance with the requirements of the act, and "If the Court be satisfied after . . . hearing that there is no lawful objection. . . ." The wording of the act has been held to give the court wide discretion in the matter, and "Under certain circumstances a court even in the absence of lawful objection should deny such a petition": Falcucci Name Case, 355 Pa. 588, page 591. On page 592 of the opinion it is stated:

"Whenever a court has discretion in any matter (as it has in the matter of a change of name) it will exercise that discretion in such a way as to comport with good sense, common decency and fairness to all concerned and to the public".

In the case of In re Romm, 77 D. & C. 481, an exhaustive opinion on the subject traces the very interesting evolution of the use of names for the purpose of identification, and on page 489, the court states:

"It is our view that a person should have the right under the Act of 1923 to change his or her name, when the purpose of the change is entirely lawful and it appears that such change will not be harmful to the rights of others or prejudicial to the public good".
Section 4 of the said act provides, inter alia:

". . . whenever . . . a decree is made changing the name of anyone who is at the time thereof the parent of a minor child . . . then under the care of such parent, the new name of such parent shall thereafter be borne likewise by such minor child . . . : Provided, That any minor child or children . . . upon attaining their majority respectively, shall also be entitled to the benefits of this act": 54 PS §4.

The facts of the case before the court may be briefly summarized as follows: Petitioner, Mrs. Hurley, is 25 years of age and the mother of three children residing

with her, who were born during a marriage which was terminated by divorce in January 1964. She seeks to have her name changed to Broadt, because she is in circumstances with a married man by that name who is separated from his wife and two minor children, but under order of court to contribute to their support.

Mrs. Broadt and her father appeared at the hearing, and offered vigorous protest. Mrs. Broadt contends she and her children would suffer humiliation and embarrassment if the request was granted.

Mr. Hurley did not appear; however, it is conceded the act was complied with in regard to notice and due advertisement. It is possible Mr. Hurley is unfamiliar with section 4 of the act above quoted, since we understand he does contribute toward the support of his children.

Counsel for petitioner relies on those cases permitting a divorcee to change her name and the name of the children over the objection of the father, under certain circumstances of remarriage, family unit, etc.; however, this case lacks those compelling reasons set forth in the cases cited by counsel, and none of them involved the facts admitted in this case.

In addition to concluding the contention of Mrs. Broadt is not without some possible merit, we also conclude to grant the request would not comport with good sense, common decency and fairness to all concerned and to the public good.

To grant the prayer of this petition, in our opinion, would be to not only give court approval to an obviously improper subterfuge, but also approving admitted illegal conduct.

In the case of Commonwealth v. Dolph, 164 Pa. Superior Ct. 415, a conviction of a married man for criminal adultery with an unwed mother was sustained, holding the corpus delicti may be established by circumstantial evidence which warrants the intro-

duction of defendant's confession. On page 420, it is stated:

"The birth of a child to an unwed mother shows that prohibited intercourse took place. It has been held that this fact in itself is proof of corpus delicti in an adultery prosecution. Commonwealth vs. Morrissey, 175 Mass. 264, 56 N.E. 285; Annotation 40 A.L.R. 460-473".

Therefore, applying the foregoing rules to the admitted facts of this case, we are bound to conclude in the exercise of our sound discretion that harm to others and the public good would result if the prayer of the petition was granted, and without further comment, we enter the following:

ORDER OF COURT

And now, to wit, November 17, 1965, it is ordered that the prayer of the petition be and the same is hereby denied, and said petition is dismissed at petitioner's cost. Exception noted.