J-A09028-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| v. | : | |
| | : | |
| JOHN EDWARD DAWSON | : | |
| | : | |
| Appellant | : | No. 531 WDA 2023 |

Appeal from the Judgment of Sentence Entered February 27, 2023
In the Court of Common Pleas of Mercer County Criminal Division at
No(s):  CP-43-CR-0000128-2022

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.:          **FILED: August 6, 2024**

John Dawson appeals from the judgment of sentence imposed after a jury found him guilty of several sex offenses involving his minor daughter.  He claims that the evidence was insufficient to sustain his convictions because the sexual act he allegedly committed did not satisfy the statutory definitions for these offenses; alternatively, the evidence was too vague and unreliable to establish that he committed these crimes.  He also claims that the grading of one conviction was incorrect due to insufficient evidence and must be regraded.  Upon review, we affirm.

In the fall of 2021, Complainant, Dawson's 14-year-old daughter, asked him if she could go to her boyfriend's house.  Dawson agreed but conditioned his permission on her letting him "eat her out."  Sometime after, on a day when Complainant stayed home from school, Dawson acted on this.

When one of the Complainant's brothers found out, he told the school resource officer. Children and Youth Services was contacted. Following an investigation, Dawson was arrested and charged with several offenses. The Commonwealth alleged that Dawson "used his tongue to penetrate her vagina."

On November 16, 2022, a jury convicted Dawson of involuntary deviate sexual intercourse ("IDSI"), unlawful contact with a minor, incest, indecent assault, and sexual assault.[1] On February 27, 2023, the trial court sentenced Dawson to an aggregate sentence of 7 to 15 years' incarceration followed by 3 years' state supervision. Dawson filed a post-sentence motion, which the court denied.

Dawson filed this timely appeal. He and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Dawson raises the following three issues for our review:

1. Was the evidence at trial insufficient to support Dawson's conviction for [IDSI] because there was no evidence that he engaged [Complainant] in [penile] penetration of [C]omplainant's mouth or because the Commonwealth's evidence was so vague and unreliable that the jury had to speculate that he engaged in lingual penetration of the [C]omplainant's vagina?

2. Was the evidence at trial insufficient to support Dawson's conviction for incest where there was no allegation or evidence that he engaged the [C]omplainant in sexual intercourse [by its ordinary meaning] or because the Commonwealth's evidence was so vague and unreliable that the jury had to speculate that he engaged in lingual penetration of the [C]omplainant's vagina?

_____

[1] 18 Pa.C.S.A. §§ 3123(a)(7), 6318(a)(1), 4302, 3126(a)(8), and 3124.1.

3. In light of the infirmity of Dawson's convictions for [IDSI] and incest, was the evidence at trial insufficient to support the grading of Dawson's derivative conviction for unlawful contact with a minor, which should be regraded as a third-degree felony?

Dawson's Brief at 5.

Dawson's first two claims challenge the sufficiency of the evidence to convict him of IDSI and incest. In reviewing a sufficiency of the evidence claim, this Court:

> must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt.

*Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa. Super. 2011) (citations omitted). However, "the inferences must flow from facts and circumstances proven in the record and must be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of an accused's guilt beyond a reasonable doubt." *Commonwealth v. Scott,* 597 A.2d 1220, 1221 (Pa. Super. 1991). "The trier of fact cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review." *Id.* "Because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Diamond*, 83 A.3d 119, 126 (Pa. 2013).

In his first issue, Dawson claims that the Commonwealth presented insufficient evidence to establish that he committed IDSI. Specifically, he

claims that the sex act he allegedly performed on Complainant does not constitute "deviate sexual intercourse" as defined under the statute. To establish IDSI, Dawson maintains that the plain and proper meaning of "deviate sexual intercourse" requires that the Commonwealth show evidence of penile penetration of the complainant's mouth. Dawson argues that the phrase "intercourse 'per' *os* or *anus*" means *through*, not *with*, the mouth or anus. Therefore, Dawson claims that this Court previously misinterpreted this phrase to include lingual penetration of a vagina. Dawson's Brief at 12, 17. Dawson further maintains that this Court's erroneous interpretation of "*per os*" was compounded by decisions which required only "some oral contact" to establish penetration. **Id.** at 23-24. Consequently, according to Dawson, the Commonwealth's theory that he lingually penetrated Complainant's vagina was legally insufficient to satisfy the statutory definition of "deviate sexual intercourse" and convict him of IDSI. **Id.** at 26. We disagree.

The crime of IDSI is defined, in relevant part, as follows:

> **(a)** **Offense defined.--**A person commits a felony of the first degree when the person engages in deviate sexual intercourse with a complainant:
>
> ***
>
> (7) who is less than 16 years of age and the person is four or more years older than the complainant and the complainant and person are not married to each other.

18 Pa.C.S.A. § 3123. IDSI requires that the defendant have committed "deviate sexual intercourse" defined as follows:

- 4 -

§ 3101. Definitions

Subject to additional definitions contained in subsequent provisions of this chapter, the following words and phrases when used in this chapter shall have, unless the context clearly indicates otherwise, the meanings given to them in this section:

* * *

"Deviate sexual intercourse." ***Sexual intercourse per os or per anus*** between human beings and any form of sexual intercourse with an animal. The term also includes penetration, however slight, of the genitals or anus of another person with a foreign object for any purpose other than good faith medical, hygienic or law enforcement procedures.

18 Pa.C.S.A. § 3101 (emphasis added). "Sexual intercourse," in addition to its ordinary meaning, includes intercourse per *os* or per *anus*, with some penetration however slight; emission is not required. ***Id.*** Both definitions require "some penetration, however slight" of a complainant's body. ***Id.***; ***Commonwealth v. Poindexter***, 646 A.2d 1211, 1215 (Pa. Super. 1994). Thus, to sustain a conviction for IDSI, the Commonwealth must establish that the perpetrator engaged in acts of oral or anal intercourse, which involved some penetration, however slight. ***Poindexter***, 646 A.2d at 1215.

This Court has long held that oral sex using one's tongue, *i.e.*, cunnilingus, is a prohibited act under section 3123 as it falls within the definition of "deviate sexual intercourse." ***Commonwealth v. Westcott***, 523 A.2d 1140 (Pa. Super. 1987). In ***Westcott***, this Court thoroughly reviewed the meanings of "sexual intercourse" and "deviate sexual intercourse" and their historical basis. ***See id.*** at 1145-47. We concluded that, because this

sex act was prohibited under the Penal Code of 1939, it likewise was prohibited under the new Crimes Code. *Id.* at 1146-47. We further explained:

> the word "per", used in § 3101 defining "deviate sexual intercourse" and "sexual intercourse" as "per *os* or per *anus*" has been accepted and defined as "by the means or agency of[;] THROUGH." Since "per" is undefined in the Crimes Code, we construe this term according to its common, ordinary and approved usage.
>
> A commonsense analysis of this definition leads us to conclude that deviate sexual intercourse can be that which occurs by the means or the agency of the mouth (or tongue) in penetrating the vagina, *i.e.*, the mouth (or tongue) is here utilized as the penetrating agent, thus embracing the statutory exclusion of the necessity for emission in § 3101's definition of sexual intercourse. Any other interpretation would result in an absurd construction being placed upon the statute which the General Assembly, in enacting legislation, is presumed never to intend.

*Id.* at 1147 (citations omitted). Therefore, the Court in **Wescott** specifically rejected the very argument Dawson now makes--that "per *os*" for purposes of "deviate sexual intercourse" is limited to penile penetration of the complainant's mouth. *Id.* at 1147.

Dawson suggests that our Supreme Court in **Commonwealth v. Kelley**, 801 A.2d 551 (Pa. 2002) abrogated this Court's holding from **Westcott** that deviate sexual intercourse includes oral sex. This argument is erroneous. **Kelley** dealt only with digital penetration. There, the Supreme Court held that digital penetration does not constitute deviate sexual intercourse or sexual intercourse; only vaginal, anal, oral or use of a foreign

object does.[2]  In reversing our decision in **Kelley**, the High Court observed that our discussion of digital penetration in **Westcott** was dicta, and therefore, we erroneously relied on **Westcott** to conclude that digital penetration of a person's vagina constituted deviate sexual intercourse.  The High Court did not otherwise condemn or limit **Westcott**.  In fact, the Court reinforced that per *os* means through or by means of the mouth.  **See Kelley**, 801 A.2d at 555-56.  Moreover, this Court recently reiterated that oral sex, intercourse per *os*, *i.e.*, where the defendant puts his tongue in the complainant's vagina, is included in the definition of deviate sexual intercourse.  **Commonwealth v. Banniger**, 303 A.3d 1085, 1092 (Pa. Super. 2023).

Additionally, the law interpreting penetration is well established.  To show penetration, some oral contact is required.  **Commonwealth v. Trimble**, 615 A.2d 48, 50 (Pa. Super. 1992) (finding actual penetration of the vagina is not necessary; some form of oral contact with the genitalia is all that is required).  It is not necessary "that penetration reach the vagina or farther reaches of the female genitalia."  **Id.**  Rather, our case law indicates that "entrance in the labia is sufficient" to establish "penetration, however slight."  **Commonwealth v. Ortiz**, 457 A.2d 559, 560-61 (Pa. Super. 1983);

---

[2] The **Kelley** Court noted that our legislature prohibited nonconsensual digital penetration of the vagina through other provisions in the Crimes Code. **Commonwealth v. Kelley**, 801 A.2d 551, 557 (Pa. 2002) (citing 18 Pa.C.S. § 3125).

***Commonwealth v. Bowes***, 74 A.2d 795 (Pa. Super. 1950). Thus, where a defendant licks another's vagina or puts their mouth on another's vagina, penetration is sufficiently established. ***See In the Interest of J.R.***, 648 A.2d 28 (Pa. Super. 1994) (stating "deviate sexual intercourse is considered to have occurred if one's mouth or tongue penetrates the vaginal area of another"); ***Westcott***, 523 A.2d at 1145–47 (holding "penetration of the vagina by the tongue" satisfies definition of deviate sexual intercourse); ***Commonwealth v. Hornberger***, 184 A.2d 276, 279 (Pa. Super. 1962) (defendant putting his mouth on the complainant's vagina was sufficient to establish penetration); *cf.* ***Commonwealth v. L.N.*** 787 A.2d 1064 (Pa. Super. 2001) (holding oral contact between defendant's tongue with victim's penis met penetration requirement).

Dawson argues however that these cases were wrongly decided. Consequently, he maintains that we should reanalyze and redefine the meaning of "deviate sexual intercourse," the degree of penetration required, and, essentially, overturn these decisions. This we cannot do.

"[I]t is beyond the power of a Superior Court panel [of three judges] to overrule a prior decision of the Superior Court, except in circumstances where intervening authority by our Supreme Court calls into question a previous decision of this Court." ***Commonwealth v. Summers***, 245 A.3d 686, 700 (Pa. Super. 2021) (citations omitted). As discussed above, this has not occurred. Further, "this Court, sitting *en banc* [only], may overrule the decision of a three-judge panel of this Court." ***Salsberg v. Mann***, 262 A.3d

1267, 1271 n.3 (Pa. Super. 2021) (*en banc*) (citation omitted). Thus, Dawson's proposal that we reexamine the law is not permissible; we are bound by existing precedent. **See Commonwealth v. May**, 271 A.3d 475, 482 (Pa. Super. 2022). Accordingly, the above cases control our decision in this matter. Dawson's initial argument is without merit.

Alternatively, Dawson claims that, if lingual penetration is included in the definition of deviate sexual intercourse, the evidence was insufficient to establish that he engaged in oral sex with Complainant and penetrated her vagina. Dawson's Brief at 12-13, 26. Specifically, he argues that Complainant's testimony that he "ate her out" and reference to her vagina, when asked where he used his tongue, were too vague; she could have used those terms to mean several things particularly given she did not know what oral sex even was. Therefore, according to Dawson, a reasonable person could not conclude that he lingually penetrated Complainant's vagina beyond a reasonable doubt. **Id.** at 28. We disagree.

At the time of trial, Complainant was 15 years old and in tenth grade. She specifically testified Dawson "ate me out." N.T., 11/15/22, 22. Complainant further testified as follows:

Q. Did he do something with his tongue?

A. Yes.

Q. What did he do? Did he put his tongue somewhere?

A. Yes.

Q. Where did he put his tongue?

A. My vagina.

Q. Did he move his tongue?

A. Yes.

*Id.* 24. This testimony clearly and sufficiently described what Dawson did to Complainant--he performed oral sex on the Complainant with his tongue. ***See Commonwealth v. Stoner***, 425 A.2d 1145, 1148 (Pa. Super. 1981) (holding Commonwealth presented sufficient evidence to establish IDSI where victim testified that defendant "ate me out" and noting that the meaning of this phrase is commonly understood). As discussed above, this sex act falls under the definition of deviate sexual intercourse.

Further, the Complainant's testimony clearly established that Dawson had oral sex with her; his tongue came in contact with her vagina. This act is encompassed by the definition of deviate sexual intercourse.

In his second issue, Dawson claims that the Commonwealth presented insufficient evidence to establish that he committed incest. Dawson argues that a conviction for incest requires evidence of sexual intercourse by its ordinary meaning, *i.e.*, penile penetration of a vagina, and does not include oral sex. Dawson argues that use of the definition of "sexual intercourse" as defined in a separate chapter of the Crimes Code from incest to establish this offense is improper. Dawson's Brief at 13, 31, 34. Dawson further argues that if incest is not limited to sexual intercourse as ordinarily defined, and intercourse per *os* is sufficient, again, the Commonwealth must establish penile penetration of Complainant's mouth. ***Id.*** at 40-41. According to

Dawson, the Commonwealth's evidence that he lingually penetrated Complainant's vagina was insufficient to convict him of incest. We disagree.

Incest is defined under the Crimes Code, in relevant part, as:

**(b) Incest of a minor.--**A person is guilty of incest of a minor, a felony of the second degree, if that person knowingly marries, cohabits with or has sexual intercourse with a complainant who is an ancestor or descendant, a brother or sister of the whole or half blood or an uncle, aunt, nephew or niece of the whole blood and:

(1) is under the age of 13 years; or

(2) is 13 to 18 years of age and the person is four or more years older than the complainant.

18 Pa.C.S.A. § 4302.

This Court has held that the statutory definition of sexual intercourse for Sexual Offenses under Chapter 31 applies to incest, even though the crime of incest is set forth in a different chapter. *Commonwealth v. Fouse*, 612 A.2d 1067, 1069-70 (Pa. Super. 1992). In *Fouse*, the appellant, like Dawson, argued that the definition of "sexual intercourse" under Chapter 31 of the Crimes Code, did not apply to the incest statute, because it was in a different chapter of the Crimes Code. We observed, however, that, "Where . . . the legislature has defined a term in one chapter of the Crimes Code, we decline to conclude that the legislature intended for a different definition to apply where the same term is used in another chapter." *Id.* at 1069. We, therefore, concluded in *Fouse* that the defendant was guilty of incest where he had anal intercourse with his son. *Id.* at 1070.

Similarly, a defendant may be guilty of incest where the Commonwealth establishes that the defendant engaged in sexual intercourse as defined in Chapter 31 with a designated person under the incest statute. As noted above, "sexual intercourse" includes intercourse per *os*, which is not limited to penile penetration of vagina. Rather, it includes oral sex. Consequently, Dawson's argument that the Commonwealth must show penile penetration of the Complainant's vagina to establish incest is meritless.

Dawson argues this Court incorrectly interpreted "sexual intercourse" in **Fouse**. Additionally, he argues that, recently, this Court in **Commonwealth v. Schley**, 136 A.3d 511 (Pa. Super. 2016), held that the trial court erred when it applied the Rape Shield Law to an offense contained in a different chapter of the Crimes Code.

Again, as discussed above, we are bound by precedent. Furthermore, Dawson's reliance on **Schley** is misplaced. Although we concluded that the Court erred in applying the Rape Shield Law to an offense contained in another chapter, the language of the Rape Shield Law specifically limited its application to offenses in "this chapter," *i.e.* Chapter 31. Here, there is no such limiting language in the incest statute.

Alternatively, Dawson argues that if lingual penetration is included in the definition of sexual intercourse for incest, again, the evidence was insufficient because it was too vague to establish he had oral sex with Complainant and lingually penetrated her. *Id.* at 41. As discussed above, the evidence was sufficient to establish that he had oral sex with Complainant.

Thus, based upon our review of the record and viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, we conclude that the Commonwealth presented sufficient evidence to sustain Dawson's convictions for IDSI and incest.

In his third issue, Dawson claims that because his convictions for IDSI and incest were infirm, the grading of his conviction for unlawful contact of a minor should be regraded. Dawson's Brief at 42. Dawson maintains that the conviction and grading of unlawful contact with a minor is based on the underlying offense. As such, Dawson argues that his conviction for unlawful contact should have been based and graded on his conviction for indecent assault, a third-degree felony, as it is a third-degree felony and the only remaining, underlying offense.[3] *Id.* at 44. We disagree.

Dawson correctly sets forth the relevant law for the grading of unlawful contact with a minor. This offense is defined and graded as follows:

> (a) Offense defined.—A person commits an offense if he is intentionally in contact with a minor . . . for the purpose of engaging in . . .
>
>> (1) Any of the offenses enumerated in Chapter 31 (relating to sexual offenses).
>
> (b) Grading.—A violation of subsection (a) is:
>
>> (1) an offense of the same grade and degree as the most serious underlying offense in subsection (a) for which the defendant contacted the minor; or

---

[3] Incest is not an offense "enumerated in Chapter 31" but rather Chapter 43 of the Crimes Code. Therefore, incest cannot serve as the underlying offense for unlawful contact of a minor.

- 13 -

(2) a felony of the third degree;

whichever is greater.

18 Pa.C.S.A. § 6318.   The crime of unlawful consent with a minor under section 6318(a) is graded the same as the most serious, underlying offense for which the defendant attempted contact with the minor, or a first-degree misdemeanor, whichever is greater.  *Commonwealth v. Reed*, 9 A.3d 1138, 1146–47 (Pa. 2010).   Furthermore, where the Commonwealth charges a defendant with unlawful contact with a minor, and also charges the underlying object offense, the grading of the unlawful contact offense cannot be based on an underlying offense of which the defendant was acquitted.   *See Commonwealth v. Reed*, 9 A.3d at 1138, 1147 (Pa. 2010).

Here, as discussed above, the evidence was sufficient to sustain Dawson's conviction for IDSI.   Because this offense stands, it is the most serious, underlying offense.   As a result, Dawson's conviction for unlawful contact with a minor must be graded the same as IDSI, a first-degree felony. Therefore, Dawson's argument is meritless, and he is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

8/6/2024

- 14 -