STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. DAVID GELTZEILER AND ABRAHAM GREEN, PLAINTIFFS IN ERROR.

Submitted June 5, 1924—Decided November 24, 1924.

**Crimes—Selling Liquor—Grounds for Setting Aside Verdict Considered and Judgment Affirmed.**

On writ of error to the Essex Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the plaintiffs, *John W. McGeehan, Jr.*

For the defendant, *John O. Bigelow.*

PER CURIAM.

This case is before us on a writ of error directed to the Essex County Court of Quarter Sessions. The writ brings up for review the conviction of David Geltzeiler and Abraham Green for selling and possessing liquor. The first count of the indictment charged the plaintiffs in error with the sale of fifty-seven cases of liquor for beverage purposes.

The second count charged them with possessing fifty-seven cases of liquor. The indictment was under the Prohibition Enforcement act. *Pamph. L.* 1922, *ch.* 255.

The evidence in the case came from the testimony of police officers. Geltzeiler came to police headquarters and presented to Officer Brex, captain of detectives, a check which he said he had received as consideration for the sale by him of fifty-seven cases of liquor, and that he had discovered the check to be a forgery. The testimony shows that Geltzeiler had the fifty-seven cases of liquor and desired to sell them. Green told Geltzeiler that he had a customer. Geltzeiler sold, and, with Green, delivered the fifty-seven cases of Scotch whiskey to a man by the name of Emory, for $2,280. Emory gave Geltzeiler a check for $2,000 and $280 in cash. Green received his commission out of the cash. Geltzeiler then found that the check was bad. He came to police headquarters, apparently, to get it collected.

The case is before us on assignments of error and specifications of causes for reversal. The first point argued in the brief of the plaintiffs in error is the first assignment and the first specification. These are that the court erred in denying motions for the direction of a verdict of acquittal. The ground alleged is that the *corpus delicti* was not proven. The contention is that upon the confession of Geltzeiler, the plaintiffs in error could not be legally convicted. The law is that a confession, if duly made and satisfactorily proven, is sufficient alone to warrant a conviction without corroborating testimony *aliunde*. But in this case there was corroborating evidence, namely, the check. We think the court was fully justified in denying the motions to direct an acquittal.

The next point argued is that a verdict should have been directed in favor of Green because he was not guilty of the making of the sale. Green was present, and aided and abetted Geltzeiler, the owner of the whiskey, in effectuating the sale. Green, in fact, procured the customer. He was equally guilty.

The next point argued is that the conviction should be reversed because the court failed in its charge to define the

crime for which the defendants were being tried. This is not error. A court is not obliged to define the crime. A court can submit a case to a jury without a charge if it desires to do so. *People* v. *Gray,* 5 *Wend.* 288; *State* v. *Ross,* 247 *Pac. Rep.* 1149. The method to be taken to secure a charge upon any branch of the case is by a request to charge. The judgment of conviction is affirmed.