George H. CASH, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 14642.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 7, 1959.

Decided Jan. 22, 1959.

Certiorari Denied April 20, 1959.
See 79 S.Ct. 892.

Mr. Eugene Gressman, Washington, D. C. (appointed by this Court) for appellant.

Mr. Edward C. O'Connell, Asst. U. S. Atty., with whom Mr. Oliver Gasch, U. S. Atty., and Mr. Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before PRETTYMAN, Chief Judge, and EDGERTON and BURGER, Circuit Judges.

PER CURIAM.

Appellant was indicted, tried, convicted and sentenced on a charge of robbery.

Upon the trial a citizen, by name Sanford, testified: Two blocks before leaving a bus en route home he felt for and checked his wallet. Thereafter, as he prepared to leave the bus, he was jostled, and as he stepped off the bus he was jolted in such manner as to cause him to reach for his wallet. Discovering that it was missing, he turned around and observed two men who had crowded close to him. He immediately accused them of taking the wallet. Failing to get other persons immediately at hand to call police, Sanford himself phoned for them, but, when the officers arrived, the two men whom he had accused had left, as had the bus. Sanford described the two men to the police. Appellant Cash was arrested, and Sanford identified him as one of the two men.[1] Sanford also identified an automobile driver's license, produced in court by a detective witness, as being his license and as having been in his wallet when it was stolen.

The detective sergeant testified upon the trial that Cash was known to him; that, when the report and description came from Sanford, he called Cash and made arrangements for a meeting the next day. Cash met him at the appointed place and readily confessed that he had taken the wallet and, further, showed him the place where the wallet had been thrown after its money contents had been removed. The detective testified that at the spot indicated by Cash certain papers were found, which included a driver's license bearing Sanford's name. The detective produced the license.

Cash's principal point is that his alleged confession to the detective was inadmissible because there was insufficient corroboration of the confession. We think there was ample corroboration, both in the account of the incident by Sanford and his identification of Cash

and in the production of the license by the detective. The required corroboration is corroboration of the truth or trustworthiness of the confession; it is not corroboration of the fact that the confession was made.[2]

Affirmed.

---

1. The prosecutor told the court that Sanford identified pictures of the defendants and then the police arrested them.

2. Smith v. United States, 348 U.S. 147, 153, 75 S.Ct. 194, 197, 99 L.Ed. 192 (1954); Warszower v. United States, 312 U.S. 342, 347, 61 S.Ct. 603, 606, 85 L.Ed. 876 (1941); 3 Wigmore, Evidence § 822 (3d ed. 1940).