Roger S. **BANDY**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 16479.

United States Court of Appeals
Eighth Circuit.

April 25, 1960.

Rehearing Denied May 12, 1960.

Ralph B. Maxwell, West Fargo, N. D., and Francis J. Magill, Fargo, N. D., for appellant.

Robert Vogel, U. S. Atty., Fargo, N. D., for appellee.

Before SANBORN, VAN OOSTERHOUT and MATTHES, Circuit Judges.

PER CURIAM.

The motion of Roger S. Bandy for leave to prosecute in forma pauperis an appeal from a judgment of conviction and sentence, notwithstanding the certificate of the trial court that his appeal is not taken in good faith,[1] has been submitted to this Court upon the original

---

1. An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915(a).

papers of the District Court, an agreed statement of the case, a brief on Bandy's behalf asserting that his appeal is not frivolous, and a response by the United States Attorney in support of the certificate of the trial court. By an opinion dated December 10, 1959 (272 F.2d 705), and in conformity with the procedure prescribed by the Supreme Court in Johnson v. United States, 352 U.S. 565, 77 S.Ct. 550, 1 L.Ed.2d 593 and Farley v. United States, 354 U.S. 521, 77 S.Ct. 1371, 1 L.Ed.2d 1529, this Court appointed Mr. Ralph B. Maxwell, of the North Dakota Bar,—who, under court appointment, had represented Bandy at his trial —to assist him in procuring an agreed statement of the case, and in demonstrating here, if possible, that the trial court's certificate was arbitrary and unwarranted. On December 21, 1959, Mr. Francis J. Magill, also of the Bar of North Dakota, was appointed by this Court to assist Mr. Maxwell in representing Bandy. They have complied with the requirements of our opinion of December 10, 1959, both in letter and spirit and have done their utmost to demonstrate that Bandy's appeal is not frivolous. We acknowledge our indebtedness to them for their services, rendered at our request, on his behalf.

 In considering the motion of Bandy for leave to appeal as an indigent at the expense of the Government, we find it unnecessary to state in complete detail the facts disclosed by the record before us. The question we must determine is whether the appeal presents some issue which is not plainly frivolous. See Ellis v. United States, 356 U.S. 674, 675, 78 S.Ct. 974, 2 L.Ed.2d 1060.

 Briefly and generally stated, what befell Bandy may be stated as follows: In January 1959, on six separate days, someone using fictitious names filed with the District Director of Internal Revenue at Fargo, North Dakota, a false and fictitious income tax return claiming overpayment of income taxes for the year 1958. The filing of these tax returns constituted six separate violations of 18 U.S.C. § 287. Refund checks were mailed to the fictitious claimants by the Director, and were returned unclaimed. An investigation by a Special Agent of the Intelligence Division of the Internal Revenue Service indicated that all the returns were prepared by the same person and that a comparison of the handwriting on each return with the known handwriting of Bandy indicated that he was that person. He was arrested in New York and removed to North Dakota, where he arrived July 11, 1959, and was placed in the Cass County Jail in Fargo, North Dakota. On July 17, 1959, the District Court appointed Mr. Maxwell, a former United States Attorney for the District of North Dakota, to represent Bandy, who, on July 31, 1959, was, by a six-count indictment, charged with the six violations of 18 U.S.C. § 287 before referred to. On August 12, 1959, he was arraigned, and entered a plea of not guilty. The court reduced his bail, set his trial for September 8, 1959, and authorized his counsel, Mr. Maxwell, to employ, on Bandy's behalf, a handwriting expert at Government expense. No such expert was selected by or on behalf of Bandy.

At a hearing on September 2, 1959, of pretrial motions relating to discovery, the United States Attorney agreed to produce, for inspection and copying, all specimens of the defendant's handwriting intended to be used as the basis for expert testimony at the trial—stating that some items were in the mail but would be presented for inspection when received. The court ordered that charts and diagrams, prepared and to be used at the trial by handwriting experts, be produced when received in Fargo.

At the trial, which commenced September 8, 1959, the Government proved that the false and fictitious tax returns specified in the indictment had been made and presented. To prove that Bandy was the person who had presented the returns, the Government introduced specimens of his handwriting and produced expert testimony to show, by comparison, that the handwriting on the returns was that of Bandy. He did not

testify, and there was no evidence to the contrary. It is apparent that the utmost counsel for Bandy could do, and what he did do, was to try to prevent the specimens of Bandy's handwriting from being admitted in evidence, and to object, on various grounds, to the introduction of any and all of the Government's evidence which tended in any way to incriminate Bandy. The contention that the specimens of his handwriting introduced in evidence were inadmissible because they contained prejudicial matter aside from his handwriting or were procured in violation of his constitutional rights, is, in our opinion, plainly frivolous. The trial court made it plain to the jury that the exhibits were received merely as specimens of the defendant's handwriting and for purposes of comparison only. Not only that, but the court took pains to see that the contents of the exhibits claimed to be indicative of other offenses committed by the defendant were masked. None of the handwriting specimens introduced in evidence had been taken from the possession of Bandy or procured by violating any of his constitutional rights. They were clearly admissible in evidence, as were also the charts and diagrams used by the Government expert for purposes of illustration.

The charge of the court to the jury was entirely fair. In our opinion, there is no basis for even suspecting that anything occurred at the trial of Bandy which could possibly make his appeal other than frivolous and futile. That he sincerely believes that he is a much wronged individual and should not have been found guilty by the jury, regardless of the evidence against him, we do not doubt.

We realize that the Supreme Court is of the opinion that a government which accords to all defendants a right of appeal should or must afford " 'destitute defendants * * * as adequate appellate review as defendants who have money enough to buy transcripts.' Griffin v. People of State of Illinois, 351 U.S. 12, 19, [76 S.Ct. 585, 591, 100 L. Ed. 891]." Eskridge v. Washington State Board of Prison Terms and Paroles, 357 U.S. 214, 216, 78 S.Ct. 1061, 1062, 2 L.Ed. 2d 1269. We do not understand that either a State or the United States is precluded by the Fourteenth Amendment or the Fifth Amendment to the federal Constitution from protecting itself "so that frivolous appeals are not subsidized and public moneys not needlessly spent." See the concurring opinion of Mr. Justice Frankfurter, in Griffin v. People of State of Illinois, supra, at page 24 of 351 U.S., at page 591 of 76 S.Ct. And we might add: so that members of the bar are not compelled fruitlessly and thanklessly to brief and argue causes already hopelessly lost. No doubt, courts and judges will continue to differ as to what appeals by indigents from their convictions are plainly frivolous. Cf. Cash v. United States, 104 U.S.App.D.C. 265, 261 F.2d 731, denying Cash leave to appeal from his conviction in forma pauperis; 357 U.S. 219, 78 S.Ct. 1365, 2 L.Ed.2d 1361, vacating judgment of Court of Appeals, without opinion; and 105 U.S. App.D.C. 154, 265 F.2d 346, conviction of Cash affirmed per curiam; certiorari denied 359 U.S. 973, 79 S.Ct. 892, 3 L. Ed.2d 841.

Since it is our considered opinion that the appeal of Bandy, if taken by a non-indigent defendant would be subject to dismissal under Rule 39(a), Fed.Rules Crim.Proc., 18 U.S.C., and is frivolous under the test established in Ellis v. United States, 356 U.S. 674, 675, 78 S. Ct. 974, 2 L.Ed.2d 1060, we hold that the certificate of the trial court is not arbitrary, unwarranted or erroneous. Bandy's motion for leave to appeal in forma pauperis is therefore denied. The Clerk is directed, without payment of fees, to docket and dismiss the appeal as frivolous.