William Harrison **FELTON**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 8027.

United States Court of Appeals
Tenth Circuit.

April 14, 1965.

Jerry R. Dunn, Denver, Colo., for appellant.

Benjamin E. Franklin, Asst. U. S. Atty. (Newell A. George, U. S. Atty., and Guy L. Goodwin, Asst. U. S. Atty., District of Kansas, were on the brief), for appellee.

Before PICKETT, BREITENSTEIN and HILL, Circuit Judges.

BREITENSTEIN, Circuit Judge.

This is a direct appeal from a sentence imposed after a jury verdict finding appellant Felton guilty of possessing a county warrant stolen from an authorized mail depository in violation of 18 U.S.C. § 1708.

Appellant argues that the evidence is insufficient to sustain the verdict. The elements of the crime are the possession of mail matter stolen from an authorized depository for mail with knowledge that such matter was stolen. A deputy county clerk testified as to the issuance of the warrant and its insertion into a window envelope showing the address of one English at 104 South Emporia, Wichita, Kansas. He described the procedure for stamping and mailing but did not personally perform either operation. He said that the warrant was probably mailed June 30, 1964. A mail carrier testified that 104 South Emporia was the Bower Hotel and that he placed the mail in a wire basket at the lobby of the hotel on the second floor of the building. He did not mention the particular letter in question. The warrant which was introduced in evidence, was not endorsed by English.

A detective for the Wichita police department testified that appellant admitted to him that on July 3, 1964, he and one Cooper went to the Bower Hotel; that he remained downstairs and Cooper went upstairs; that Cooper returned with two envelopes; that he, appellant, knew that the envelopes were taken from

the mail container in the hotel; that he opened one of the envelopes and saw that it contained a county warrant; that he threw the envelope away; that he knew Cooper was going to steal the checks when they went to the hotel; that he knew the envelopes were stolen; and that he advised Cooper against the cashing of the warrants. No question is raised about the voluntariness of the admissions or about the adequacy of the warnings and statements of rights made by the detective to appellant before appellant's admissions.

■ In Smith v. United States, 348 U.S. 147, 152–156, 75 S.Ct. 194, 99 L.Ed. 192, and Opper v. United States, 348 U.S. 84, 92–94, 75 S.Ct. 158, 99 L.Ed. 101, the United States Supreme Court recognized as well established the principle that a conviction in a criminal case must rest upon firmer ground than the uncorroborated, extrajudicial admission or confession of an accused. The principle was stated again in Wong Sun v. United States, 371 U.S. 471, 488–489, 83 S.Ct. 407, 9 L.Ed.2d 441. Construing the Smith and Opper decisions, this court said in Braswell v. United States, 10 Cir., 224 F.2d 706, 711, certiorari denied 350 U.S. 845, 76 S.Ct. 86, 100 L.Ed. 752, that "the corroborative evidence need not be sufficient, independent of the statements, to establish the corpus delicti." Following Braswell the court held in Sells v. United States, 10 Cir., 262 F.2d 815, 820, certiorari denied 360 U.S. 913, 79 S.Ct. 1298, 3 L.Ed.2d 1262, that the government must produce "independent evidence sufficiently supporting the essential admitted facts to justify a jury inference of the truth of the admitted facts"; and in Martinez v. United States, 10 Cir., 295 F.2d 426, 428–429, that the evidence as a whole must establish guilt beyond a reasonable doubt.

■ Counsel for appellant relies on Wong Sun as holding that every essential element of the offense must be corroborated. We do not so read Wong Sun

and we find nothing in it which detracts from this court's interpretation of the Smith and Opper decisions. The Supreme Court in Wong Sun quoted with approval [1] the statement in Smith that extrinsic evidence is sufficient which "merely fortifies the truth of the confession, without independently establishing the crime charged." [2]

■ The extrajudicial admissions of the appellant establish the theft, his knowledge of the theft, and his possession. The query is whether the admissions are sufficiently substantiated by independent evidence from which the jury may reasonably infer the trustworthiness of the admissions. [3] The independent evidence here shows the mailing to the Bower Hotel address, the date of such mailing, and the custom of delivering mail so addressed to a wire receptacle in the second floor lobby of the hotel. The two unendorsed warrants were received in evidence. We believe that this independent evidence sufficiently substantiates the extrajudicial admissions to permit the jury to draw the reasonable inference that the admissions were trustworthy. This is not a case like Kelly v. United States, 10 Cir., 246 F.2d 864, or Yarbrough v. United States, 10 Cir., 309 F.2d 936, where the corroboration for admissions of the interstate transportation of firearms was the fact that in each case the accused was driving in a certain state a car bearing the license plates of another state. The element of transportation in those cases may be likened to the element of presence of the letters containing the warrants in an authorized mail depository. The use of foreign license plates does not sufficiently substantiate interstate transportation but, in our opinion, independent proof that the letters in question were mailed on a certain date to a certain address and that the regular practice was to put letters so addressed in a regular mail receptacle sufficiently substantiates an admission that

1. 371 U.S. at 489, 83 S.Ct. at 418.

2. 348 U.S. at 156, 75 S.Ct. at 199.

3. See Smoot v. United States, 114 U.S. App.D.C. 154, 312 F.2d 881, 885.

the letters were stolen from the mail depository at that address.

 Appellant further objects to the court's instructions on corroboration of the admissions. Defense counsel made no objections to the instructions. Accordingly, consideration of the instructions is foreclosed unless manifest injustice has occurred.[4] We have examined the instructions and find no plain error affecting substantial rights. Indeed, we find that the instructions state the principles on corroboration which have been established by the Tenth Circuit decisions heretofore mentioned.

Affirmed.

4. Beasley v. United States, 10 Cir., 327 F. 2d 566, 567, certiorari denied 377 U.S. 944, 84 S.Ct. 1351, 12 L.Ed.2d 307; Lucero v. United States, 10 Cir., 311 F.2d 457, 460, certiorari denied sub nom. Maestas v. United States, 372 U.S. 936, 83 S.Ct. 883, 9 L.Ed.2d 767.