STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. ODELL PORTEE, DEFENDANT-RESPONDENT.

Argued December 7, 1965—Decided January 24, 1966.

*Mr. Philip R. Glucksman,* Assistant Prosecutor, argued the cause for appellant (*Mr. Brendan T. Byrne,* County Prosecutor of Essex County, attorney).

*Mr. Maurice R. Strickland* argued the cause for respondent.

PER CURIAM. The defendant was tried before Judge Barrett, sitting without a jury, and was convicted of carrying a revolver in a motor vehicle in violation of *N. J. S.* 2A:151–41. His conviction was reversed by the Appellate Division and we granted certification on the State's application, 45 *N. J.* 299.

The defendant and three other men were riding in a car when it was stopped and searched by officers of the Newark Police Department. The officers found a revolver in a bag

under the front seat and the occupants of the car were then taken to police headquarters. On the following day the defendant gave Detective Regan a written statement in which the defendant said that he had purchased the revolver from strangers, that he was carrying it in a brown paper bag when he was hailed by Adam Moses who was driving the car and who asked him whether he was going downtown, that he got into the back seat of the car alongside Albert Johnson, and that he was in the car for about five minutes when a police car came by, the officers searched the car and found the revolver which he had placed under the front seat.

After the defendant had signed his statement, he was arraigned and released on bail. Before his indictment was brought on for trial, the defendant moved to suppress the revolver as having been illegally seized and a hearing on the motion was held before Judge Crane. At the hearing, Judge Crane expressed the view that anything the defendant said could later be used against him; nevertheless, the defendant's counsel called him to testify and the defendant repeated the admissions in the statement given to Detective Regan. Judge Crane granted the motion to suppress. Thereafter the State proceeded with the trial of the defendant before Judge Barrett; it did not seek to introduce the suppressed revolver for any purpose whatever (cf. *Walder v. United States,* 347 *U. S.* 62, 74 *S. Ct.* 354, 98 *L. Ed.* 503 (1954); *United States v. Curry,* —— *F. 2d* —— (2 *Cir.* 1965)) but did offer in evidence the statement given by the defendant to Detective Regan, the testimony by the defendant during the hearing before Judge Crane, and corroborative testimony by Adam Moses and Albert Johnson.

██ Counsel for the defendant objected to the introduction of the statement on the ground that it was the fruit of an illegal search and arrest and was therefore inadmissible under *Wong Sun v. United States,* 371 *U. S.* 471, 83 *S. Ct.* 407, 9 *L. Ed. 2d* 441 (1963). After hearing testimony, Judge Barrett determined that the statement was a voluntary one which had been freely given almost 24 hours after the search

and arrest and was not tainted by any prior illegality, and he ruled that the statement could be introduced as evidence on the State's case. In the light of the record before us we find no occasion for disturbing either his determination or his ruling. See *State v. Jackson,* 43 *N. J.* 148, 168–170 (1964); *State v. Hodgson,* 44 *N. J.* 151, 156–158 (1965); see also *United States v. McGavic,* 337 *F. 2d* 317, 318–319 (6 *Cir.* 1964), *certiorari* denied 380 *U. S.* 933, 85 *S. Ct.* 940, 13 *L. Ed. 2d* 821 (1965); *Rogers v. United States,* 330 *F. 2d* 535, 541–542 (5 *Cir.*), *certiorari* denied 379 *U. S.* 916, 85 *S. Ct.* 265, 13 *L. Ed. 2d* 186 (1964); *cf. State v. Traub,* 151 *Conn.* 246, 196 *A. 2d* 755 (*Sup. Ct. Err.* 1963), *certiorari* denied 377 *U. S.* 960, 84 *S. Ct.* 1637, 12 *L. Ed. 2d* 503 (1964); *Collins v. Beto,* 348 *F. 2d* 823, 835–836 (5 *Cir.* 1965) (concurring opinion).

During the State's case Adam Moses testified that he was driving his car with two other occupants, Albert Johnson and Howard Harris, that he stopped and gave the defendant a ride, that he saw that the defendant was carrying something in a brown paper bag but did not know what it was, that the defendant sat in the rear of the car when they drove off and that shortly thereafter they were stopped by the police officers. Albert Johnson testified that the defendant came into the rear of the car and sat alongside him, that he observed that the defendant had a package but failed to notice what he did with it, and that when they stopped for a red light the police officers came along and presented themselves as such. Miss Hall, a court reporter, testified as to what took place during the hearing before Judge Crane. Her testimony disclosed that, after the judge had expressed the view that if the defendant chose to testify any admissions made by him could later be used against him, the defendant's counsel proceeded to interrogate the defendant and to obtain from him full confirmation of his earlier statement to Detective Regan.

At the close of the State's case the defendant moved for acquittal. His motion was denied and he rested his case without presenting any evidence on his own behalf. Judge

Barrett then rendered an oral opinion during which he noted that the defendant's statement supplied evidence of the defendant's guilt, that the testimony by Moses and Johnson tended to strengthen or bolster the statement and "to generate a belief in its truthworthiness" (*State v. Lucas,* 30 *N. J.* 37, 56 (1959)), and that the statement satisfied him of the defendant's "guilt beyond a reasonable doubt." Going further, Judge Barrett took the position that the defendant's testimony before Judge Crane was itself enough to establish guilt. While there is some authority supporting that position (*Heller v. United States,* 57 *F. 2d* 627 (7 *Cir.*), *certiorari* denied 286 *U. S.* 567, 52 *S. Ct.* 647, 76 *L. Ed.* 1298 (1932)), we are not inclined to rely on it for it would seem hardly fair to convict a defendant on the basis of his own testimony offered during his successful legal move to suppress. See *Safarik v. United States,* 62 *F. 2d* 892, 897–898 (8 *Cir.* 1933); *Fowler v. United States,* 239 *F. 2d* 93, 94–95 (10 *Cir.* 1956); *Christensen v. United States,* 104 *U. S. App. D. C.* 35, 259 *F. 2d* 192, 196–197 (1958) (dissenting opinion); *cf. Jones v. United States,* 362 *U. S.* 257, 80 *S. Ct.* 725, 4 *L. Ed. 2d* 697 (1960); *United States v. Taylor,* 326 *F. 2d* 277 (4 *Cir.*), *certiorari* denied 377 *U. S.* 931, 84 *S. Ct.* 1332, 12 *L. Ed. 2d* 295 (1964). However, this issue need not be pursued since here, as explicitly found by the trier of the facts, the State's evidence sufficiently established guilt, wholly apart from the defendant's testimony.

In upsetting the defendant's conviction, the Appellate Division did not question the admissibility in evidence of the statement given to Detective Regan, or the admissibility of the testimony by Moses and Johnson. Its sole reason for reversal may be found in the concluding portion of its opinion which reads as follows:

"In finding the defendant guilty, the trial judge held:

'The statement S-1 [confession] in and of itself supplies evidence from which the court if there be some corroboration could draw the conclusion that defendant committed the crime with which he is charged, * * *.'

"We are unable to agree. The *corpus delicti* in this case was the presence of the revolver, and in our judgment the suppression of the revolver was fatal to proof of the *corpus delicti*. In effect the factual situation was no different than if the gun had not been found, and the proofs amounted to no more than the confession and the independent proofs relating to the paper bag or package."

The Appellate Division in effect imposed a requirement on the State that it prove the body of the crime or the *corpus delicti* (7 *Wigmore, Evidence* § 2072 (3d ed. 1940)), apart from the defendant's statement or confession as corroborated by the testimony of Moses and Johnson; in so doing, it departed from precedents in our State which we consider controlling in the circumstances presented here. See *State v. Geltzeiler,* 101 *N. J. L.* 415, 416 (*E. & A.* 1925); *State v. Gleitsmann,* 62 *N. J. Super.* 15, 24–26 (*App. Div.*), certif. denied 33 *N. J.* 386 (1960); see also *State v. Lucas, supra,* 30 *N. J.*, at *p.* 54; Notes, 13 *Vand. L. Rev.* 561 (1960); 103 *U. Pa. L. Rev.* 638, 665 n. 137 (1955); *cf. Opper v. United States,* 348 *U. S.* 84, 93, 75 *S. Ct.* 158, 99 *L. Ed.* 101, 108–109 (1954); *Felton v. United States,* 344 *F. 2d* 111 (10 *Cir.* 1965); *Cash v. United States,* 105 *U. S. App. D. C.* 154, 265 *F. 2d* 346, *certiorari* denied 359 *U. S.* 973, 79 *S. Ct.* 892, 3 *L. Ed. 2d* 841 (1959).

In *Geltzeiler,* the defendant illegally sold liquor and received a forged check in payment. The former Supreme Court held that the defendant's confession was sufficient to sustain his conviction and that, in any event, the check constituted corroborating evidence. 2 *N. J. Misc.* 1106, 1107, 127 *A.* 322 (*Sup. Ct.* 1924). On appeal, the Court of Errors and Appeals affirmed in an opinion which stated that "when there is a voluntary confession of the offense by the defendant in a criminal case, full proof of the body of the crime is not required in addition to the confession, but sufficient proof thereof may arise out of evidence corroborating some fact or facts in the confession itself." 101 *N. J. L.,* at *p.* 416. Other New Jersey judicial expressions of similar purport may readily be found; see, *e. g., State v. Banusik,* 84 *N. J. L.* 640, 646–647 (*E. & A.* 1913), where Chief Justice Gummere point-

ed out that "Full proof of the body of the crime, the *corpus delicti,* independently of the confession, is not required. It may be proved by the confession itself, corroborated by other evidence." Professor McCormick, in advocating a practice more comparable to the English approach which permits convictions, at least of lesser crimes, on the basis of confessions alone, approvingly refers to *Geltzeiler* as "requiring merely that some facts be proven outside the confession which under the circumstances give it reasonable corroboration." *McCormick, Evidence* 230 n. 6 (1954); see 7 *Wigmore, supra,* at *p.* 396 n. 3; *State v. Ravenell,* 43 *N. J.* 171, 185–186 (1964), *certiorari* denied 379 *U. S.* 982, 85 *S. Ct.* 690, 13 *L. Ed. 2d* 572 (1965).

█ The crime here was a simple possessory one declared by the Legislature to be a misdemeanor. The defendant's voluntary statement unequivocally admitted the relevant circumstances and his commission of the crime. There was no danger of confusion or mistake and there has been no suggestion of falsity. The corroborating testimony by Moses and Johnson, while it was admittedly insufficient by itself to establish the presence of the revolver, nevertheless served to fortify the truth of the admissions in the defendant's statement on the basis of which the trial judge found guilt beyond reasonable doubt. His finding had adequate legal support in the evidence within the flexible standard of proof required by the New Jersey precedents. While the more rigid standard expressed in the Appellate Division's opinion may find support elsewhere, it does not represent the law of our State and would not now best serve the true interests of justice. See *State v. Tillman,* 152 *Conn.* 15, 202 *A. 2d* 494 (*Sup. Ct. Err.* 1964); *Holt v. State,* 17 *Wis. 2d* 468, 117 *N. W. 2d* 626 (*Sup. Ct.* 1962), *certiorari* denied 374 *U. S.* 844, 83 *S. Ct.* 1900, 10 *L. Ed. 2d* 1064 (1963); *State v. Pickard,* 104 *N. H.* 11, 177 *A. 2d* 401 (*Sup. Ct.* 1962); *State v. Francis Noboru Yoshida,* 44 *Haw.* 352, 354 *P. 2d* 986 (*Sup. Ct.* 1960); *Commonwealth v. Kimball,* 321 *Mass.* 290, 73 *N. E. 2d* 468 (*Sup. Jud. Ct.* 1947). The Appellate Division's action is:

Reversed with direction that the judgment of conviction be reinstated.

*For reversal* — Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR and HALL—5.

*For affirmance*—None.