Roger S. BANDY, Petitioner,

v.

The ATTORNEY GENERAL of the United States, Respondent.

Civ. No. 4207.

United States District Court
D. North Dakota,
Southeastern Division.

June 9, 1966.

Roger S. Bandy, pro se.

John O. Garaas, U. S. Atty., Fargo, N. D., for respondent.

MEMORANDUM AND ORDERS

RONALD N. DAVIES, District Judge.

Roger S. Bandy has filed with this Court two petitions for writs of habeas

corpus in connection with his arrest, trial and conviction under a six count indictment charging him with filing false and fictitious income tax returns, claiming overpayment of income taxes under fictitious names, The United States v. Roger S. Bandy, Criminal No. 8834, DC, ND (1959).

This is but another chapter in the sorry saga of a man who has unsuccessfully sought to cheat the Government, whose conviction of his crimes was upheld by the Court of Appeals for the Eighth Circuit and whose petition for a writ of certiorari to the United States Supreme Court was denied, Bandy v. United States, 296 F.2d 882 (8th Circuit, 1961); certiorari denied, 82 S.Ct. 849, 369 U.S. 831, 7 L.Ed. 796 (1962).

After his conviction by a jury, this Court declined to release Bandy on his personal recognizance because of his prior record; and although Bandy had been convicted in North Dakota in September, 1959, and his conviction affirmed by the Eighth Circuit Court of Appeals on November 15th, 1961; although Bandy had been convicted in California in 1956 of filing false claims for income tax refunds, similar to the charges upon which he was found guilty in this Court in Fargo in 1959; although he had been paroled on April 28, 1958, and at the time of his arrest in New York City on June 2nd, 1959, was wanted by Federal authorities as a parole violator; and although Bandy on July 26, 1961, after his conviction in Fargo was convicted in U. S. Court in Idaho under a 12 count indictment and sentenced to a total of 10 years' confinement, although all these things took place, Bandy was freed on his own signature by a Justice of the Supreme Court of the United States some five months after his Idaho conviction and more than two years after his North Dakota conviction.

In one of the classic examples of misplaced confidence in the annals of American Jurisprudence, on December 14, 1961, Bandy was, by order of Supreme Court Justice William O. Douglas, admitted to bail on his own recognizance pending Bandy's timely filing for a writ of certiorari in the Supreme Court.

Mr. Justice Douglas saw fit to release Bandy without any security whatever under Rule 46, Federal Rules of Criminal Procedure, which provides, among other things, that pending appeal or certiorari to the Supreme Court, bail may be allowed by the Court of Appeals or by any Judge thereof or by the Supreme Court or by a Justice thereof.

Significantly, Mr. Justice Whittaker of the United States Supreme Court had previously declined to release Bandy on his personal recognizance. Moreover, on May 16, 1961, the United States Court of Appeals for the Eighth Circuit, to which Bandy had appealed, denied Bandy's release on his personal recognizance.

And so, on December 20th, 1961, Bandy was freed from the Cass County jail in Fargo. On March 26th, 1962, the United States Supreme Court denied Bandy's request for a writ of certiorari, and four days later the Supreme Court mandate was filed in U. S. District Court at Fargo. But Roger S. Bandy had vanished without a trace.

This Court issued its bench warrant for Bandy's arrest on May 1st, 1962. He was ultimately apprehended in New York City by Federal authorities on Thursday, December 9, 1965, *more than three and one-half years* after he dropped from sight.

With this brief summary of Bandy's antics and related proceedings, we return to the matter at hand. This Court permitted Bandy to proceed *in forma pauperis* and to file, without prepayment of filing fees, two petitions for writs of habeas corpus.

Petitioner Bandy has been tried to a jury, his conviction affirmed by the United State Court of Appeals for the Eighth Circuit, and the United States Supreme Court has denied him certiorari.

Interestingly, the Eighth Circuit in affirming Bandy's conviction in an ex-

haustive and thorough opinion quoted the following colloquy between the Court and the Defendant Bandy at the time of his sentencing for the offense committed in the District of North Dakota:

"The Court: How did you conceive this scheme to file these false claims for tax refunds, Mr. Bandy?

"Defendant Bandy: Through my work with the Navy, sir, disbursing clerk.

"The Court: Do you have any idea, could you give me a rough idea how many false claims for tax refunds you have made?

"Defendant Bandy: I have made exactly the 22 returns that I had made there on the prior conviction." Bandy v. United States, 296 F.2d 882, 890.

This brief exchange refers to Bandy's prior California conviction and is included to illustrate that Bandy's criminal conduct for which he was convicted in North Dakota was not the first attempt at swindling the Government with false and fraudulent income tax returns.

Bandy has had his day in court. He was afforded every constitutional protection and safeguard in the course of his trial. Litigation must one day be finally terminated.

■ Bandy's petitions for writs of habeas corpus are denied. Treating the petitions as instruments for relief under Title 28, U.S.C.A., Sec. 2255, the petitions are denied. There is nothing whatever in the petitions to justify a hearing. The records and files of the case conclusively show that Bandy is entitled to no relief.

Intermittently for the past several months Bandy has made requests of the Clerk of this Court for certified copies of the Grand Jury indictment returned against him in July, 1959, for photostatic copies of Treasury Forms 104–A which were exhibits in his jury trial at Fargo, for copies of the complaint and warrant issued April 10, 1959, for inspection of the Grand Jury minutes, and has written for other data connected with the North Dakota conviction in September of 1959.

The Clerk of this Court is directed not to comply with these requests nor any that may be subsequently made with respect to Criminal Case No. 8834, DC, ND (1959).

■ I do not propose that this Court or its Clerk shall be further harassed by utterly useless correspondence with a convicted felon with respect to matters which are completely *res judicata.* Bandy v. United States, 296 F.2d 882 (8th Cir., 1961); cert. denied, 82 S.Ct. 849, 369 U.S. 831, 7 L.Ed. 796 (1962).