Robert John **MANNING**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 9556.

United States Court of Appeals
Tenth Circuit.

Feb. 20, 1968.

---

Daniel B. Sparr, Denver, Colo., for appellant.

Scott McCarty, Albuquerque, N. M. (John Quinn, U. S. Atty., and Michael P. Watkins, Asst. U. S. Atty., Albuquerque, N. M., with him on brief), for appellee.

Before BREITENSTEIN, SETH and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

Appellant Manning, pursuant to 28 U. S.C. § 2255, moved to correct a sentence pronounced by the trial court. A petition was granted permitting an in forma pauperis proceeding and the trial court appointed counsel to assist the petitioner. The motion was dismissed by an order of the trial court and this appeal followed.

The question presented for review is whether or not Manning's maximum sentence should be reduced by the number of days he spent in custody from the time of his arrest until sentencing.

The order of the court relates that the facts are not in dispute and thereafter sets forth that Manning spent some time in custody before sentencing, the exact amount of time not having been determined. Manning was given the maximum sentence under the Dyer Act, 18 U.S.C. § 2312. The sentence was imposed before the effective date of the 1966 Bail Reform Act.

The briefs of the parties refer to facts not contained in the record but which were within the knowledge of the trial judge. It is necessary to recite these admitted facts in order to properly consider the law presented by both parties: Manning claims he was in custody approximately 64 days before sentencing; he was initially arrested under the Dyer Act charge and released on bond; he jumped the bond and was later arrested on the charge of bail-jumping in violation of 18 U.S.C. § 3146; a bond was set in the amount of $5,000.00 and Manning was returned to New Mexico where he appeared before the trial judge on March 14, 1966; after a plea of guilty under one count of the Dyer Act, 18 U. S.C. § 2312, all other charges were dismissed. Manning was given the maximum sentence under 18 U.S.C. § 2312 on April 1, 1966.

It is admitted that the proviso in 18 U.S.C. § 3568, as amended in 1960, which directs the Attorney General to give credit for time in custody prior to imposition of sentence is not applicable because this was a maximum sentence and the proviso applies only to cases where there is a minimum mandatory sentence.

The general rule regarding the effective date of a sentence is that "[t]he sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence." 18 U.S.C. § 3568 (1966). The general rule was the same under the 1960 amendment, and even prior to it. However, the 1960 amendment created an exception to the general rule by providing that credit must be given for presentence time spent in custody in cases where the statute imposed a minimum mandatory sentence. In Stapf v. United States, 367 F.2d 326 (D.C.Cir. 1966) and Dunn v. United States, 376 F.2d 191 (4th Cir. 1967), relied upon here by appellant, the District of Columbia Circuit and the Fourth Circuit broadened the 1960 exception to the general rule as stated in 18 U.S.C. § 3568 on the basis of legislative history.

In both Dunn and Stapf the accused were charged with the offense for which they were ultimately sentenced and each languished in jail for a period of time between the indictment and sentence because he could not make bond. In the case at bar, Manning was bailed after being charged under 18 U.S.C. § 2312;

however, he jumped the bond and was apprehended and returned on the bail-jumping charge. These facts do not satisfy the basic concern expressed over the evil of discrimination against the poor who are unable to make bond and, therefore, languish in jail for long periods while those who can make bond go free. It would be a disservice to the judicial system to apply the exception to Stapf and Dunn to the facts in this case.

The misconduct of the bail jumper justifies the trial court's application of the general rule as set forth in 18 U.S.C. § 3568 and recognized by this court in Powers v. Taylor, 327 F.2d 498 (10th Cir. 1964).

Affirmed.