**Roger S. BANDY, Appellant,**

v.

**J. T. WILLINGHAM, Warden, United States Penitentiary, Leavenworth, Kansas; and United States Attorney General, Appellees.**

No. 9934.

United States Court of Appeals
Tenth Circuit.

July 22, 1968.

Rehearing Denied Aug. 22, 1968.

Newell A. George, U. S. Atty., and Benjamin E. Franklin, Asst. U. S. Atty., for appellees.

Roger S. Bandy, pro se.

Before MURRAH, Chief Judge, and HILL, Circuit Judge.

PER CURIAM.

Bandy was sentenced in 1959 by the United States District Court for the District of North Dakota to five years imprisonment and five years probation. He immediately filed a notice of appeal and signed a written election not to commence service of sentence pursuant to the then Rule 38(a) (2), Federal Rules of Criminal Procedure. The conviction was affirmed on appeal, Bandy v. United States, 296 F.2d 882 (8th Cir. 1961) and Bandy sought review by certiorari.

In 1961, while the above proceedings were pending, Bandy received eleven five year sentences from the United States District Court for the District of Idaho. Two of these sentences were to be served consecutively and the other nine were to be concurrent. The appeal in that case was dismissed by the Ninth Circuit Court of Appeals.

Bandy made application to the Supreme Court for release on his "personal recognizance" and on December 19, 1961, Justice Douglas ordered him released

from custody during the pendency of the certiorari petition. The petition was denied on March 26, 1962, Bandy v. United States, 369 U.S. 831, 82 U.S. 849, 7 L.Ed.2d 796 (1962), but the appellant was not located again until December, 1965, when he was arrested in New York. He was received at Leavenworth Penitentiary on January 8, 1966, to begin serving his federal sentences.

█ The appellant filed a petition for a writ of habeas corpus with the United States District Court for the District of Kansas.[1] He appeals from a denial of that petition.

██ Appellant's first contention is that his initial arrest was invalid as there was no North Dakota arrest warrant.[2] The short answer is that Bandy was lawfully arrested on the authority of an outstanding Idaho arrest warrant.

█ The second contention is that appellant was forced to sign the election not to serve his sentence pending appeal. The alleged coercion stems from the fact that appellant was advised that he must sign the self-explanatory election form to avoid removal to the penitentiary. This correct advice does not constitute coercion.

█ The third claim is that the Idaho District Court could not impose a sentence until the five year probationary period imposed by the North Dakota federal court had been completed. There is no merit to such a conclusion. See Stewart v. United States, 267 F.2d 378 (10th Cir. 1959).

█ The fourth contention is that the Idaho court failed to designate a date on which the appellant was to commence service of that sentence. Commencement of sentences begins when the prisoner is received at the place of service. 18 U.S.C. § 3568. Manning v. United States, 389 F.2d 755 (10th Cir. 1968); Powers v. Taylor, 327 F.2d 498 (10th Cir. 1964).

█ Appellant's fifth and sixth claims relate to the alleged denial of a speedy trial, and denial of credit for presentence jail time by the Idaho Court. Both of these matters must be presented to the sentencing court by motion to vacate, pursuant to 28 U.S.C. § 2255. Williams v. United States, 283 F.2d 59 (10th Cir. 1960).

█ The seventh claim is that appellant should have received good time credit from the date of his arrest in 1959. This claim is without merit. Good time credit cannot be earned until the prisoner commences service of his sentence. 18 U.S.C. § 4161.

█ The final claim is that appellant should have been eligible for release in December 1965. It is undisputed that he was sentenced to two consecutive five year terms by the Idaho District Court. Because of the election not to serve and the fugitive from justice status, service of that sentence began when he was received at the penitentiary on January 8, 1966. The appellant has not completed his federal sentences and is not entitled to habeas corpus relief.

It is manifest that the questions on which the decision of this court depends are so unsubstantial as not to need further argument. Appellees' motion to affirm is granted and the judgment is affirmed.

█ Appellant has filed a petition for a writ of mandamus to compel the appellee to file his brief. Since we have determined that further argument is unnecessary, the petition is denied.

---

1. This was the ninth petition Bandy filed with the Kansas District Court. Although it might have dismissed it as a successive petition without a hearing, Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), the district court gave Bandy a final opportunity to present all his claims for relief.

2. Since this is an indirect attack on the North Dakota conviction it is improperly raised in a habeas corpus proceeding. 28 U.S.C. § 2255.