Roger S. BANDY, Appellant,

v.

UNITED STATES ATTORNEY GENER-
AL and/or United States Marshal for
the District of North Dakota, Appel-
lees.

No. 19347.

United States Court of Appeals
Eighth Circuit.

March 19, 1969.

Rehearing Denied April 1, 1969.

Roger S. Bandy, filed briefs pro se.

John O. Garaas, U. S. Atty., and Gary
Annear, Asst. U. S. Atty., Fargo, N. D.,
on the brief for appellees.

Before MATTHES, GIBSON and
LAY, Circuit Judges.

PER CURIAM.

Roger S. Bandy appeals from an order
of the United States District Court for
the District of North Dakota dismissing
his petition for a writ of habeas corpus.
This chapter in the litigious career of
Bandy stems from his conviction for bail
jumping in violation of 18 U.S.C. § 3146
(1962 ed.), a conviction affirmed this day
by this Court. Bandy v. United States,
8 Cir., 1969, 408 F.2d 518. The relevant
facts surrounding the bail jumping con-
viction are set forth in Bandy v. United
States, *supra*, and will not be repeated
here.

We affirm the order dismissing the
writ of habeas corpus.

The contentions made in this appeal to
a large extent parallel those made in
Bandy v. United States, *supra*. Bandy
argues that under the teachings of Ahr-
ens v. Clark, 335 U.S. 188, 68 S.Ct. 1443,
92 L.Ed. 1898 (1948), the United States
District Court for the District of North
Dakota had jurisdiction to entertain his
motion since he was physically present
within that Court's jurisdiction pursuant
to a writ of habeas corpus *ad prosequen-
dum* directed to the warden of the Unit-
ed States Penitentiary at Leavenworth,
Kansas, but also argues conversely that
the Court had no power to issue the writ
of habeas corpus *ad prosequendum.*

Ahrens v. Clark, *supra*, held a federal
district court is without jurisdiction to
issue a writ of habeas corpus filed by a
person in custody if the person detained
is not within the territorial jurisdiction
of the issuing court, construing then 28
U.S.C. § 452 as relating to the "territori-
al jurisdiction" of the District Court.
This section with changes and additions
is now § 2241 of 28 U.S.C., but the refer-
ence to the construed language "within
their respective jurisdictions" remains
unchanged. Since Carbo v. United
States, 364 U.S. 611, 81 S.Ct. 338, 5 L.Ed.
2d 329 (1961) has ruled that § 2241(a) of
28 U.S.C. is not a territorial limitation on
the issuance of a writ of habeas corpus

*ad prosequendum* but only on the Great Writ (habeas corpus *ad subjiciendum* for inquiry into the cause of the restraint), we need not discuss Bandy's converse contention that the District Court was without authority to issue the *ad prosequendum* writ. That matter was also decided adversely to Bandy on his appeal of the bail jumping conviction. Bandy v. United States, *supra*. Accord, Terlikowski v. United States, 379 F.2d 501, 507 (8 Cir. 1967).

We therefore will only consider the jurisdictional point of whether the United States District Court for the District of North Dakota had authority to issue a writ of habeas corpus *ad subjiciendum* and inquire into the legality of Bandy's restraint.

In United States ex rel. Quinn v. Hunter, 162 F.2d 644 (7 Cir. 1947), petitioner was brought from Leavenworth, Kansas to the Northern District of Illinois pursuant to a writ of habeas corpus *ad testificandum*, in order that he might testify at a hearing on his motion to correct sentence. The warden of Leavenworth appeared for the hearing as a witness and the District Court issued a writ of habeas corpus *ad subjiciendum* and had the warden served with the writ while in the courtroom. The Seventh Circuit held that the District Court did not have jurisdiction to hear and determine the cause of petitioner's restraint in the penitentiary at Leavenworth, Kansas, stating at 648–649 of 162 F.2d:

"The court below evidently proceeded on the theory that it had jurisdiction merely because Quinn [petitioner] and Warden Hunter were in court. We think something more is required, and that is that the unlawful restraint against which relief is sought must also exist in the territorial jurisdiction of the court."

Accord, Ginyard v. Clemmer, 123 U.S. App.D.C. 100, 357 F.2d 291, 292–293 (1966); McGann v. United States, 233 F.Supp. 419, 423 (D.C.Md.1964), aff'd 347 F.2d 986 (4 Cir. 1965), cert. denied 383 U.S. 916, 86 S.Ct. 907, 15 L.Ed.2d 670.

Bandy was in the temporary custody of the United States Marshal in the District of North Dakota pursuant to a writ of habeas corpus *ad prosequendum* issued solely in order to provide Bandy, as requested by him, with a prompt trial on the bail jumping charge pending against him. Under these circumstances, the United States District Court for the District of North Dakota was without jurisdiction to entertain his application for a writ of habeas corpus *ad subjiciendum*. Bandy remained in the lawful custody of the warden of the United States Penitentiary at Leavenworth, Kansas, and a petition for a writ of habeas corpus *ad subjiciendum* would have to be directed to the warden in the proper judicial district, wherein the penitentiary is located.[1]

We note in passing that the remaining issue urged on the Court by Bandy in this petition was decided adversely to him in his appeal from conviction on the bail jumping charge. Bandy was not entitled to a removal hearing pursuant to Rule 40, Fed.R.Crim.P., before being transferred to Leavenworth, Kansas upon his capture in New York after jumping bail, as determined in Bandy's bail jumping appeal; nor was he entitled to a removal hearing upon being transferred from Leavenworth, Kansas to the District of North Dakota pursuant to a writ of habeas corpus *ad prosequendum*. Bandy v. United States, *supra*.

Judgment affirmed.

1. Bandy has not neglected the United States District Court for the District of Kansas. E. g., Bandy v. Willingham, 398 F.2d 333 (10 Cir. 1968), where it is observed that Bandy had filed nine petitions for writs of habeas corpus with the Court. The Court briefly disposed of Bandy's eight contentions and commented at 335 of 398 F.2d: "It is manifest that the questions on which the decision of this court depends are so unsubstantial as not to need further argument."