Charles R. **DAVIS**, Appellant,

v.

J. T. **WILLINGHAM**, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.

No. 10194.

United States Court of Appeals
Tenth Circuit.

Aug. 25, 1969.

that he has fully served the sentence and is consequently entitled to immediate release, we have sustained the availability of habeas corpus without infringement upon the exclusiveness of § 2255. See Miller v. Willingham, 10 Cir., 400 F.2d 873. This seems entirely consistent with the mutually exclusive offices of the two remedies, for if the petitioner is as a matter of law entitled to his immediate release, § 2255 may very well be "inadequate or ineffective" to secure the "swift and imperative" relief to which he is undeniably entitled in habeas corpus. See Fay v. Noia, 372 U.S. 391, 435, 83 S.Ct. 822, 9 L.Ed.2d 837 and generally Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148.

Presentence credit toward the service of a sentence is prescribed by 18 U.S.C. § 3568, as amended. After tracing the history of the statute and reviewing the current case law, Senior Judge Tuttle, speaking for the Fifth Circuit, adopted the District of Columbia view in Stapf v. United States, 125 U.S.App.D.C. 100, 367 F.2d 326, to the effect that if, upon mechanical calculation, it appears that the sentencing court could have given credit for the presentence custody time within the statutory maximum, it will be conclusively presumed that it did so in the determination of the sentence. Conversely, if the maximum sentence was imposed, it will be presumed that presentence custody was not credited toward the sentence to be served, and the petitioner will be credited for the presentence custody so that the total sentence to be served does not exceed the statutory maximum. Bryans v. Blackwell, 5 Cir., 387 F.2d 764. While there seems to be some divergence,[1] this seems to be the prevailing view. See United States v. Smith, 379 F.2d 628 (7th Cir.). And see also Aldridge v. United States, 9 Cir., 405 F.2d 831; Noorlander v. United States, 8 Cir., 404

Peter Wiebe, Jr., Denver, Colo., for appellant; John M. Cogswell, Denver, Colo., on the brief.

Franklin R. Theis, Asst. U.S. Atty., for appellee.

Before MURRAH, Chief Judge, and TUTTLE * and BREITENSTEIN, Circuit Judges.

## PER CURIAM.

This is an appeal from an order of the District Court summarily denying Appellant Davis' petition for a writ of habeas corpus seeking administrative credit for presentence custody, which he contends would result in his immediate release.

The trial court's summary disposition is based upon the proposition that, inasmuch as the relief sought involves the clarification and correction of the judgment of the sentencing court, Section 2255, U.S.C. Title 28 is the exclusive remedy. Ordinarily, we would agree with the trial court. See Brown v. Taylor, 10 Cir., 283 F.2d 670. But where, as here, the petitioner contends

---

\* Of the Fifth Circuit, sitting by designation.

1. Compare Padgett v. United States, 4 Cir., 387 F.2d 649.

F.2d 603; Sobell v. United States, 2 Cir., 407 F.2d 180; and Bureau of Prisons Policy Statement 7600.49A, February 9, 1968.[2]

 In our case, the statutory maximum is 5 years, 18 U.S.C. § 2312. The sentence imposed was 4 years. The presentence custody claimed is 227 days which, when added to the sentence imposed would be well within the statutory maximum. It will be conclusively presumed, therefore, that the sentencing court gave credit for the presentence custody. The record of the Bureau of Prisons, certified to this court on the 30th day of July, 1969, shows that with administrative credit allowances, the sentence of 4 years will not expire and the petitioner will not be entitled to his release until September 5, 1969.

The judgment of the trial court is thus affirmed.

---

2. We took note of Stapf v. United States, supra and Dunn v. United States, 4 Cir., 376 F.2d 191 in Manning v. United States, 10 Cir., 389 F.2d 755, but declined to ap-

ply the principle of those cases followed in Blackwell to a bail-jumper, because in the circumstances of that case it would be a "disservice to the judicial system."