**UNITED STATES of America,
Appellee,**

v.

**Roger S. BANDY, Appellant.**

**No. 19729.**

United States Court of Appeals,
Eighth Circuit.

Feb. 11, 1970.

Rehearing Denied April 17, 1970.

■

---

Roger S. Bandy, pro se.

Harold O. Bullis, U. S. Atty., and Gary Annear, Asst. U. S. Atty., Fargo, N. D., for appellee.

Before VAN OOSTERHOUT, Chief Judge, and BLACKMUN and HEANEY, Circuit Judges.

HEANEY, Circuit Judge.

This is another chapter in the voluminous litigation of Roger S. Bandy.[1] Pursuant to 28 U.S.C. § 2255, Bandy has

1. A partial history of reported *Bandy* decisions related to his 1959 conviction include the following: 272 F.2d 705 (8th Cir. 1959); 278 F.2d 214 (8th Cir.), vacated, 364 U.S. 477, 81 S.Ct. 244 (1960), on remand, 296 F.2d 882 (8th Cir. 1961), cert. denied, 369 U.S. 831, 82 S.Ct. 849, 7 L.Ed.2d 796 (1962); 81 S.Ct. 25, 5 L. Ed.2d 34 (1960); 81 S.Ct. 197, 5 L.Ed.2d 218 (1960); 82 S.Ct. 11, 7 L.Ed.2d 9 (1961); 254 F.Supp. 590 (D.C.N.D.), cert. denied, 385 U.S. 896, 87 S.Ct. 218, 17 L.Ed.2d 141 (1966); 269 F.Supp. 969 (D.C.N.D.1967), cert. denied, 390 U.S. 912, 88 S.Ct. 831, 19 L.Ed.2d 883 (1968); 396 F.2d 929 (8th Cir.), cert. denied, 393 U.S. 1004, 89 S.Ct. 494, 21 L.Ed.2d 469 (1968); 398 F.2d 333 (10th Cir.), cert. denied, 393 U.S. 1006, 89 S.Ct. 497, 21 L.Ed.2d 470 (1968); 408 F.2d 518 (8th Cir. 1969); and 408 F.2d 523 (8th Cir. 1969).

appealed to this Court, in forma pauperis, from a denial of his petition by the District Court of North Dakota. Cr. No. 8834 (District Court of North Dakota, April 9, 1969). We affirm.

In September, 1959, Bandy was convicted by a jury on all counts of a six-count indictment charging violations of 18 U.S.C. § 287. On this appeal, Bandy asserts five separate allegations of error concerning that trial. We will briefly review each allegation.

## I

Bandy was arrested as a parole violator in New York City on June 2, 1959, and was brought before a Commissioner in New York on June 5, 1959. Bandy now contends that his constitutional rights were violated during this period. Specifically he alleges: that he asked for a lawyer but was refused; that he should have been brought before a Commissioner immediately; and, that he was compelled to give a handwriting sample which was admitted into evidence against him at his trial.

■■ Rule 40(b), Fed.R.Crim.P., requires that the defendant be taken "without unnecessary delay" before the nearest available Commissioner. This rule has uniformly been interpreted not to require mechanical obedience. Mallory v. United States, 354 U.S. 449, 455, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957). Moreover, the rule is invoked for the protection of a defendant who may be prejudiced by the delay. Here, no confession, no incriminating statements and even no interrogation occurred during the delay.

■■ The mere giving of handwriting exemplars does not violate a defendant's right against self-incrimination. Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967). The fact that the alleged exemplars here may have been taken during this period of delay does not prejudice Bandy since the alleged exemplars taken at that time were not offered into evidence at his trial. Since nothing prejudicial to Bandy resulted from the delay, the delay itself is not prejudicial.

## II

Bandy contends that he was removed to the District of North Dakota without a removal hearing, which he did not waive, and without a warrant of removal, both in violation of Rule 40(b) (3), Fed.R.Crim.P.

■ This Court held in earlier appeals by Bandy that the removal procedure found in Rule 40, Fed.R.Crim.P., does not apply to a prisoner who has been recaptured after an escape from custody. Bandy v. United States Attorney General, 408 F.2d 523 (8th Cir. 1969); Bandy v. United States, 408 F.2d 518 (8th Cir. 1969).

## III

Bandy contends that he was denied effective assistance of counsel. This contention is frivolous. In an earlier decision, we noted the competency of counsel. Bandy v. United States, 296 F.2d 882, 890 (8th Cir. 1961), cert. denied, 369 U.S. 831, 82 S.Ct. 849, 7 L.Ed.2d 796 (1962).

## IV

■ Bandy contends that the indictment was insufficient as it did not allege an *intent* to defraud the United States. This contention was raised in an earlier proceeding, was rejected by the District Court, and no appeal was taken. Civil No. 4393 (District Court of North Dakota, October 30, 1968). It is well settled that the sufficiency of an indictment is not open to collateral attack except in exceptional circumstances. Vincent v. United States, 361 F.2d 474, 476 (8th Cir. 1966); Smith v. United States, 356 F.2d 868, 872 (8th Cir.), cert. denied, 385 U.S. 820, 87 S.Ct. 44, 17 L.Ed. 2d 58 (1966); Jackson v. United States, 325 F.2d 477, 478–479 (8th Cir. 1963). We find no such circumstances here.

## V

Lastly, Bandy contends that he was subjected to multiple jeopardy by being tried under a total of six counts for the same offense, and that he was subjected to cruel and inhuman punishment by being sentenced on multiple convictions. This argument is also frivolous. It is obvious that a defendant may be charged with separate counts and that so long as the convictions are valid, a sentence on each count is reasonable and proper. See, Bandy v. United States, 296 F.2d 882 (8th Cir. 1961), cert. denied, 369 U.S. 831, 82 S.Ct. 849, 7 L.Ed.2d 796 (1962).

The judgment of the District Court is affirmed.