UNITED STATES of America,
Plaintiff,

v.

Denver Carroll ASHER, Defendant.

Crim. A. No. 7284.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Feb. 27, 1973.

John L. Bowers, Jr., U. S. Atty., and W. Thomas Dillard, Asst. U. S. Atty., Knoxville, Tenn., for plaintiff.

Robert B. Carter, Johnson City, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The defendant moved for a dismissal of the indictment herein by way of objection to an alleged defect in the institution of this prosecution, Rule 12(b)(2), Federal Rules of Criminal Procedure, in that there was an unnecessary delay by the arresting officers in taking the defendant, after arrest, before the nearest available federal magistrate, Rule 40(b)(1), Federal Rules of Criminal Procedure. It is conceded by the prosecution that the defendant was arrested in the Northern District of Georgia at approximately eleven o'clock in the forenoon of Saturday, September 16, 1972 under a complaint issued in the Eastern District of Tennessee, and that the defendant was taken first before a United States magistrate at two-thirty o'clock in the afternoon of Monday, September 18, 1972. It is stipulated by both parties that no confession or incriminating statements were made by the defendant between the time of his arrest and the time he was taken before a magistrate.

■■ Although the defendant should have been taken before a magistrate with greater dispatch under Rule 40(b)(1), *supra,* this rule has been interpreted uniformly not to require mechanical or automatic obedience. Mallory v. United States (1957), 354 U.S. 449, 455, 77 S.Ct. 1356, 1 L.Ed.2d 1479, 1483 (headnote 4). " * * * Moreover, the rule is invoked for the protection of a defendant who may be prejudiced by the delay. Here, no confession * * *

[or] * * * incriminating statements * * * occurred during the delay * * *." United States v. Bandy, 8th Cir. (1970), 421 F.2d 646, 648[2]. Thus, there is no reason to dismiss the indictment returned against Mr. Asher. United States v. Bandy, *supra*; see also Miller v. United States, 8th Cir. (1968), 396 F.2d 492, 496–498[4], [6–9], [10], [11], certiorari denied (1969), 393 U.S. 1031, 89 S.Ct. 643, 21 L.Ed.2d 574, and Parman v. United States (1968), 130 U.S.App.D.C. 188, 399 F.2d 559, 566[16, 17], certiorari denied (1968), 393 U.S. 858, 89 S.Ct. 109, 21 L.Ed.2d 126.

Motion denied.