951 F.2d 1258
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Manuel Sesario DEPINEDA, Petitioner-Appellant,
v.
Frank GUNTER; Gale A. Norton, Attorney General for the
State of Colorado; Judge Hume, Appellate Court;
Judge Tursi, Appellate Court; Judge
Rothenberg, Appellate Court,
Respondents-Appellees.
 No. 91-1294.
 United States Court of Appeals, Tenth Circuit.
 Dec. 11, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this panel. See Fed.R.App.P. 34(e); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Manuel Sesario Depineda, a state prisoner, appeals the denial of a petition for a writ of habeas corpus and the denial of a certificate of probable cause. Finding no merit in the petition, we deny probable cause and dismiss the appeal.
 
 
 3
 Mr. Depineda, a persistent pro se litigant, filed a petition for a writ of habeas corpus in the United States District Court for the District of Colorado essentially contending his state term had expired, and he was being held in prison in violation of federally guaranteed rights. Although filled with nonsensical jargon, his petition asserts he was convicted in state court of the misdemeanor of being an accessory during the fact to the crime of first degree murder, but instead of receiving a misdemeanor sentence, he was sentenced to life in the penitentiary. Although the magistrate judge to whom the case was assigned summarily concluded the petition recited no federal claim, he overlooked the principle that one who claims to have fully served a sentence is entitled to habeas relief. Davis v. Willingham, 415 F.2d 344, 345 (10th Cir.1969). Taking the issues to the next level, however, we conclude there are several reasons why dismissal of the petition was ultimately correct.
 
 
 4
 Whether through artifice or innocence, by essential omissions Mr. Depineda has a penchant for obscuring facts. Those omissions and the summary nature of the magistrate's disposition of the petition caused us to require the state to respond to Mr. Depineda's brief in this court. With that response, it is now clear, despite petitioner's protestations to the contrary, his claims are without foundation, have been heard and reheard by the contentions again raised in this case. We conclude denial of the petition on this ground alone is proper. Andrews v. Deland, 943 F.2d 1162, 1172 (10th Cir.1991).
 
 
 5
 Mr. Depineda has not made a substantial showing of the denial of an important federal right by demonstrating the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Barefoot v. Estelle, 463 U.S. 880 (1983). The certificate of probable cause is therefore DENIED and the appeal is DISMISSED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3